# Jacobs *versus* Haney.

Justices of the peace have no jurisdiction of a claim for rent, where the title to the real estate from which it issued comes into question.

ERROR to the Common Pleas of *Montgomery county*.

Action by William M. Jacobs *v.* N. K. Haney.

On the 17th of July, 1844, one William K. Haney died in Kent county, Maryland, seised of a grist and saw-mill and 80 acres of land, leaving a widow, a father, and six brothers and sisters, but no children. The above-named William M. Jacobs administered on his estate, and leased said property to one Frazer, from the 21st of October, 1844, to the 31st of December, 1845, at $420 for the term, payable in two equal instalments; the first on the 1st day of August, 1845, and the other on the 25th of December, 1845. On the 26th of July, 1845, and before the said lease had expired, the property was sold by a trustee, under a decree of the Chancellor of Maryland, for the payment of debts, at which sale the said William M. Jacobs became the purchaser, at the sum of $2760, and gave bond as required by the said decree, with security to pay the same with interest from that date. It was alleged that when William K. Haney died the mills were in a state of dilapidation, and required considerable repairs. Repairs were made by Frazer the tenant, by order of said Jacobs. The amount of repairs which the tenant did amounted to about $300, which he deducted from the rent, and it was alleged that Jacobs applied the balance to pay for other repairs.

Haney, the defendant in error, brought suit before a justice of the peace, and claimed to recover from Jacobs, the one-sixth of

[Jacobs v. Haney.]

two-thirds of the said $420, allowing the widow one-third of the rent.    Verdict for plaintiff for $18.

On the part of the defendant in the suit, the following points were submitted:

1. That the justice of the peace had no jurisdiction in this case, and the action cannot be maintained.

2. ·That the defendant himself was entitled to the rent which became due subsequent to the time of his purchase.

3. That if the jury believe that the whole amount of Frazer's rent was expended in repairs and taxes, then the plaintiff is not entitled to recover; and in no event can the plaintiff recover beyond his proportion of the rent, after the taxes and expenses for repairs are first deducted.

4. That the widow is entitled to one-half of the rent which accrued after the death of her husband for the term of her life, and the father of the decedent is entitled to the other half for the term of his life, and the present action cannot be sustained by the plaintiff.

5. That the defendant, if liable at all in this action, is liable only for the amount of money actually received by him, and not for *what he might have received.*

The Court charged the jury as to the first point, that the justice had jurisdiction.

The Court affirmed the second point, if Vickers, the trustee who made sale of the property, did not reserve the rent; but if he did, it is not true.

The third point the Court said was true, if authority was given to make such repairs; but it is not true if such authority was not given to defendant.

As to the fourth point, that this was dependent on the laws of Maryland.    But, if the testimony satisfied the jury that the laws of Maryland·are otherwise, then this point is not true.

To the fifth point the Court said, If defendant settled with the tenant for repairs, and allowed payment of them out of the rent, without authority, this point is not true.    But, if he had authority to make or allow for repairs, it is true.    The jury will determine the fact.

The defendant excepted to the charge of the Court.

The testimony of Vickers, who made sale of the property under the decree of the Chancellor, was taken, and he testified relative to the title to the rent under the laws of Maryland, and that one of the conditions of the sale was, that no part of the rent for the year 1845 was to go to the purchaser.    The admission of that portion of his testimony was the subject of the first assignment of error; and the second was as to the charge that the justice had jurisdiction of the case.

[Jacobs *v.* Haney.]

*Mulvany* and *Boyd* were for plaintiff in error.—As to the *first* assignment, it was observed that there was better evidence in existence than the testimony of Vickers, viz., the papers or copies. 2. That the title to lands and tenements not only might have come into question in the case, but actually did, and that therefore the justice had no jurisdiction: 3 *Pa. Rep.* 388; 2 *Watts* 135; 2 *Rawle* 325; 5 *Watts* 482.

*Breitenbach* and *Fornance,* for defendant in error.—The evidence of Vickers as to the reservation of rent, was as to a parol agreement between the trustee and the purchaser. That it was not usual in Maryland to make reference in the decree to the accruing rent of property to be offered for sale. The decree in this case contained no direction as to the rent. The usage is to mention the matter in *the return* of sale. 2. The plaintiff's action was for money had and received. It was a question of rent received by *an agent,* and which he had promised to pay over, but did not. The suit was not brought to recover purchase-money, nor for any matter in which the title to the estate was required in evidence.

The opinion of the Court was delivered, April 14, by

COULTER, J.—Every element of this case shows that it was unsuitable for the cramped and limited jurisdiction of a justice of the peace, and was beyond the pale of his judicial power.

An individual in the state of Maryland died, seised of real estate, leaving a father, a widow, and six brothers and sisters, but no issue. Jacobs, the defendant below, administered on his estate, and leased the realty for $120 rent, from the 21st October, 1844, to the 31st December, 1845. Before the expiration of the lease, the Chancellor of the state decreed a sale of this real estate for the payment of the decedent's debts. The trustee appointed by the Chancellor sold the estate, and Jacobs became the purchaser; which sale was confirmed before the expiration of the lease, and before the rent fell due.

The plaintiff in this suit claims to recover from the defendant, the administrator of the decedent's estate, who became the purchaser at the Chancellor's sale, one-sixth of the rent, after deducting one-third for the widow's share.

A number of points seem to be involved in this case, which are not cleared up by the testimony in the cause below. As the administrator leased the real estate, perhaps the law of Maryland authorized him to do so, and possibly the rent in his hands would be assets for the payment of debts. It may be that the Chancellor's sale passed the accruing rent to the purchaser, as incident to the reversion. There is no evidence whatever, of a reservation of the rent. Perhaps by the law of Maryland the father inherits real estate, where the person dying seised leaves no issue, and it

[Jacobs *v.* Haney.]

may be that the widow is entitled to one-half as dower, under such circumstances. All these matters involved the title to the land, and were necessarily drawn into judgment before the justice. Even in the Court below there was no evidence as to the law of Maryland, except as to the right of dower, and that of a most unsatisfactory kind, and probably none at all before the justice, who, we may presume, decided from the lights afforded by the suitors. But, in any aspect of the case, the right of the plaintiff would necessarily involve questions as to the title of real estate. The Act of 1810 gives the justices of the peace jurisdiction in all cases of contracts, express or implied, except in real contracts, where the title to lands may come in question.

Here the title to land not only might, but actually did come in question. The title to land in a foreign state, depending upon the decrees of a Court of Chancery, would be more complicated than titles in our own state. But the language of the Act is general.

In cases of *rent* justices have jurisdiction, but that is because the title to land cannot come in question. The tenant cannot dispute the title of his landlord, by whom he was put in possession, unless in cases of fraud or imposition, which avoid all contracts, and also because in case of rent jurisdiction is expressly conferred by statute. No express contract is proved to pay the plaintiff below any share of the rent, and no implication of contract could be made, except on the title to the land, and even then it would be an implication of a contract to pay those jointly entitled.

We think no promise or cause of action alleged brought the case within the jurisdiction of the justice. This ends the cause. It is not necessary to notice the other errors assigned.

Judgment reversed and *venire de novo* awarded.