# Porter v. Wolfe

*High, Dettra & Swartz*, for plaintiff.
*Edred J. Pennell* and *David E. Groshens*, for defendant.

CORSON, J., October 19, 1937.—The plaintiff below brought suit to recover from the defendant rent alleged to be due from the defendant as a tenant of the plaintiff, in an amount less than $300.

From the record it would appear that after service the defendant filed an affidavit that the cause of action arose from a real contract in which the title of real estate might, and would, come into question.

The defendant below did not appear at the hearing and apparently the magistrate gave judgment in favor of the plaintiff. Defendant below thereupon issued the present writ of certiorari and filed exceptions to the record of the justice of the peace. The contention of the exceptant is that upon the filing of the affidavit before the justice, the jurisdiction of the justice thereupon automatically ended.

The jurisdiction of justices of the peace, in cases of contract, is given by the Act of March 20, 1810, P. L. 208, 42 PS §242, and enlarged from $100 to $300 by the Act of July 7, 1879, P. L. 194, sec. 1, 42 PS §241, and for rent by the Act of March 22, 1814, 6 Sm. L. 182, sec. 6, 42 PS §272. The jurisdiction in suits for rent given by the Act of 1814, supra, was extended by the Act of 1879, supra, to $300. In the Acts of 1879 and 1810, a justice of the

peace is given jurisdiction "except in cases of real contract, where the title to lands or tenements may come in question, or action upon promise of marriage."

The question to be decided in the present case is whether or not the mere filing of an affidavit as filed by the defendant deprives the justice of the peace of jurisdiction. If this question should be answered in the affirmative, the defendant in any case of contract could deprive the justice of jurisdiction by the mere filing of such an affidavit. Obviously, in a suit brought to recover a grocery bill, it would be unfair to the plaintiff to hold that the filing of such an affidavit automatically deprived the justice of jurisdiction over the case. The determining question would seem to be whether or not, in the particular case under consideration, the question of title may be raised by the defendant. The word "may", we feel, does not refer to the probability of the question being raised, but rather whether or not the question "can" be raised in the particular case. While it is true that there are certain cases in which the courts use rather general words in ousting the jurisdiction of a justice, yet in none of the cases that we have been able to find had the case been a suit by a landlord against his tenant for rent.

The case of Jacobs v. Haney, 18 Pa. 240, might be the nearest case leaning toward the support of the exceptant's contention, but even in that case it was not a case of a suit by a landlord against a tenant. Even in the Jacobs case the court said:

"In cases of *rent* justices have jurisdiction, but that is because the title to land cannot come in question. The tenant cannot dispute the title of his landlord, by whom he was put in possession, unless in cases of fraud or imposition, which avoid all contracts, and also because in case of rent jurisdiction is expressly conferred by statute." This rule would seem to be clearly laid down in the case of Heritage v. Wilfong, 58 Pa. 137. Judge Sharswood, at page 140 of the opinion, states:

"The court below appears to have considered that these acts establish a general rule, that the jurisdiction of a justice under any Act of Assembly is ousted wherever a claim of title is made before him. But even under the Act of 1810, it is not enough merely to allege a claim of title; it must appear that such claim may be a defence." We feel, therefore, that since the statute gives justices of the peace specific jurisdiction in actions of rent, and since the tenant in actions brought by his landlord to recover rent cannot impeach or question the title of his landlord, the question of title to real estate could not have come up in the present case, and that, therefore, the jurisdiction of the justice was not lost.

And now, October 19, 1937, for the reasons given, the judgment of the justice of the peace is affirmed, and the exceptions to such judgment, upon certiorari, are dismissed. An exception is allowed to the plaintiff in error.