# Essler *versus* Johnson.

In proceedings under the Act of 3d April, 1830, relative to landlord and tenant, the affidavit of the defendant that the title to land will come in question, will not oust the jurisdiction of the justices; it must be proved like any other fact in the cause.

Where the judgment of the justices is affirmed on *certiorari*, it becomes a judgment of the Court of Common Pleas, from which the writ of *habere facias possessionem* may issue.

ERROR to the Common Pleas of *Allegheny county*.

This was a proceeding commenced before two justices under the Act of 3d April, 1830, in relation to landlords and tenants.

On the hearing before the justices, Essler appeared and made affidavit that the title to the real estate would come in question, and that he did not hold by lease or otherwise from Johnson, but claimed title in himself.

The justices gave judgment against Essler, and he removed the cause to the Court of Common Pleas by *certiorari*, where the same was affirmed, and a writ of *habere facias possessionem* issued. This writ of error was then taken.

The only questions raised here were, whether the jurisdiction

[Essler *v.* Johnson.]

of the justices was ousted by the affidavit of the defendant, and whether the Court of Common Pleas had power to issue a writ of *habere facias* in the case.

*Howard* and *McCandless,* for plaintiff in error.

*Shannon,* for defendant in error.

The opinion of the Court was delivered by

Knox, J.—In Clark *v.* Everly, 8 *W. & Ser.* 226, it was held that, in a proceeding by a landlord against a tenant, to recover possession of the demised premises, under the Act of 3d April, 1830, if it appeared from the evidence that the title was in dispute, and that the alleged lessee refused to pay rent because he claimed title in himself, the jurisdiction of the magistrates was at an end, and the remedy to obtain possession must be the common law action of ejectment. But there is no intimation in the case above mentioned that the defendant's affidavit that he claims title to the land, is sufficient to prevent the landlord from obtaining possession by the summary proceeding given by the Act aforesaid. The Act of 20th March, 1774, commonly known as the Landlord and Tenant Act, as well as that of 16th June, 1836, in reference to purchasers at sheriff's sale, authorizes the oath of the party claiming adversely to be taken, so as to prevent the justices from giving final judgment; but there is no such provision in the Act of 3d April, 1830, and the general rule clearly is, that want of jurisdiction cannot be established by the oath of the party alleging it. Under the One Hundred Dollar Act a justice of the peace has no jurisdiction of a cause of action where the title to land may come in question, directly or indirectly; but it was never pretended that the affidavit of the defendant, that the title of land would come in question, could be received in order to oust the jurisdiction of the justice. Unless it appeared affirmatively by the plaintiff's showing, it had to be proved by the defendant, like any other fact in the cause; and when shown, it was the duty of the justice at once to dismiss the suit. If the justice proceeded to give judgment, the want of jurisdiction could be shown upon an appeal to the Common Pleas, and then it was equally fatal to the action. It must always, however, be established by competent evidence.

Where the question of jurisdiction depends upon the evidence given in a case, a court of error can only look to the record; and if the evidence is not upon the record, such Court must presume that the inferior tribunal has decided correctly. The remedy for an incorrect decision by the justices was by appeal to the Common Pleas, and in that Court the evidence could have been put upon the record by a bill of exceptions, and could have been reviewed here.

[Essler *v.* Johnson.]

As the case is presented, we have nothing to disprove the jurisdiction of the alderman, but the defendant's own affidavit; and that is of no account whatever. Neither by *certiorari* to the Common Pleas, nor by writ of error to this Court, can the evidence given before justices of the peace, in a proceeding like the one under consideration, be brought up for re-examination. The judgment of the justices upon all questions of fact is conclusive, unless appealed from.

The writ of *habere facias possessionem* properly issued from the Common Pleas, after the judgment was affirmed on *certiorari*. It then became a judgment of that Court, and there it was to be enforced.

Judgment affirmed.