# Heritage *versus* Wilfong.

<div style="float:right">

| 58 | 137 |
|----|-----|
| 24 SC | ⁵240 |

</div>

1. In proceedings by a landlord under the Act of December 14th 1863,
the tenant pleaded to the jurisdiction of the justice that since the demise, the
premises had passed by sheriff's sale to a third person to whom he had
attorned.   *Held*, that the plea was fatally defective in not setting out
that the sale was under a judgment against the landlord and passed
his estate.

2. Under the Act of 1863, it is the duty of the justice to hear any lawful
defence which the tenant may offer; that the title of the landlord had ended
since the commencement of the lease would be such defence.

3. The tenant cannot defend on an outstanding title in a stranger.

4. The title alleged in defence must be connected with the title of the
lessor or it must be shown that his title has been divested by his own act or
by descent from him.

5. A tenant has no right to attorn to a stranger to his lessor's title.   His
paramount duty is to hold and defend the possession for his landlord and
surrender it to him at the end of the term.

6. Under the 1st section of the Act of 1810 (Justices), it is not sufficient
to oust the jurisdiction merely to allege a claim of title to land, it must
appear that such claim may be a defence.

February 25th 1868.   Before Thompson, C. J., Strong, Ag-
new and Sharswood, JJ.   Read, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*: to July
Term 1867, No. 182.

This was a proceeding before an alderman under the Landlord
and Tenant Act of 1863, commenced February 6th 1867.   The
complainant was E. Heritage, agent for George Wildey, and the
tenant and defendant was Isaac N. Wilfong.   The complaint
alleged a lease from complainant to the defendant on the 1st day
of January 1866, for one year, possession under it by the tenant,
due notice to quit, &c.   On the hearing the defendant filed the
affidavit of Mary J. Smith, that "she purchased the property in
question at a sheriff's sale held the 3d day of April 1866, and
now holds title by virtue of a sheriff's deed, dated the 8th of April
1866; that the said defendant, Isaac N. Wilfong, is a tenant of
this deponent, and has been a tenant since the 15th of October
1866, by virtue of a lease executed to this deponent, or her attor-
ney, of that date."

He also put in a plea to the jurisdiction alleging that the title
to the premises would come in question, and that the defendant
did not hold the premises under the plaintiff or any one for whom
he is agent; and then set out the allegations in Mrs. Smith's
affidavit.   He offered in evidence a deed, dated April 8th 1866,
from Henry C. Howell, Esq., sheriff of Philadelphia, to Mary

[Heritage *v.* Wilfong.]

Jane Smith.   The justice entered judgment for the complainant. The proceedings were removed into the Court of Common Pleas by certiorari.   Four exceptions were filed, the last of which was: " The alderman has no jurisdiction, the title being in dispute, and the defendant having attorned to M. J. Smith, sheriff's vendee." They were all dismissed except the last, as to which Brewster, J., said: " It is, however, very clear to us that the title to the land came in question in this case.   The defendant filed his plea to the jurisdiction alleging this objection; the sheriff's vendee of the plaintiff's title filed an affidavit as to the facts, the sheriff's deed was produced, and the case to be decided was no longer a contest as to a term and its expiration, but rather whether a good title had passed by the sheriff's sale, and whether the tenant had attorned to . the sheriff's vendee.   The determination of these questions has not yet been committed to aldermen.   The cases of Newell *v.* Gibbs, 1 W. & S. 496, Clark *v.* Everly, 8 W. & S. 226, Steel *v.* Thompson, 3 P. R. 34, and Elliott *v.* Ackla, 9 Barr 42, seem to rule this question : for these reasons, as well as those suggested in an opinion upon this point delivered at the present term, this judgment must be reversed.   My brethren concur in this conclusion."

The complainant took a writ of error.   He assigned for error the judgment of the court below.

*B. Woodward,* for plaintiff in error, cited Holt *v.* Martin, 1 P. F. Smith 499 ; Steele *v.* Thompson, 1 Pa. R. 34; Newell *v.* Gibbs, 1 W. & S. 499 ; Essler *v.* Johnson, 1 Casey 350 ; Act of December 14th 1863, Pamph. L. (of 1864), 1125; Woods *v.* Lane, 2 S. & R. 53.

*J. Dolman,* for defendant in error: Clare *v.* Roach, 2 Show. 98; 5 Reports 36; Cro. Eliz. 664; Co. Litt. 37, a.; Heckart *v.* McKee, 5 Watts 385; Clark *v.* Everley, 8 W. & S. 232, Act of March 21st 1772, §§ 12, 13, 1 Sm. L. 373, 374, Purd. 613, 614, pl. 18, 19; Newell *v.* Gibbs; Steele *v.* Thompson, Act of December 14th 1863, *supra.*

The opinion of the court was delivered, March 2d, 1868, by SHARSWOOD, J.—This was a certiorari in the court below to the proceedings of an alderman under the act entitled " An Act relative to landlords and tenants," passed December 14th 1863, Pamph. L. 1864, p. 1125.   Four exceptions were filed.   Three of them were rightly dismissed, and the fourth sustained, which is the only one which it is necessary here to consider.   It was, " the alderman has no jurisdiction, the title being in dispute, and the defendant having attorned to Mrs. M. J. Smith, sheriff's vendee." The record discloses a plea to the jurisdiction, and that defendant

[Heritage v. Wilfong.]

offered in evidence a deed dated April 8th 1866, subsequent to the demise of the plaintiff, from Henry C. Howell, Esq., sheriff of Philadelphia, to Mary Jane Smith, who also filed an affidavit. The plea and affidavit accompany the record.

The Act of 1863 makes no provision for the case of a claim of title by a third person, but declares that if the facts of the demise and its termination, and timely demand of possession, are proved, " then and in that case, if it shall appear right and proper to the justice, he shall enter judgment against the tenant." This undoubtedly makes it the duty of the justice to hear any lawful defence which the tenant may offer. It would be such a defence, if he could show that the title of his landlord had come to an end since the commencement of the lease. It would therefore be competent for him to plead and prove that, under a judgment against the lessor, his estate had been sold by the sheriff, and that he had attorned to the purchaser: England v. Slade, 4 T. R. 682; Doe d. Jackson v. Ramsbottom, 3 M. & S. 516; Newell v. Gibbs, 1 W. & S. 496. But it is equally clear that he cannot be allowed to show an outstanding title in a stranger. Fidelity of the tenant to his landlord under whom he came into possession is the corner stone of that relation in law between the parties: Rankin v. Tenbrook, 5 Watts 386. " The tenant cannot in any proceeding defeat the title of his landlord by an independent title. The title alleged by way of defence, must be connected with the title of the lessor, or it must be shown that the title of the lessor has been divested by an act of his own or by descent from him." Rogers, J., in Newell v. Gibbs, 1 W. & S. 500. It matters not whether the defence set up before the justice be by a plea to the jurisdiction or in bar. That is a matter of form only. It is substance, not form, which is to be required in these proceedings. But both the plea of the defendant and the affidavit of the claimant in this case were fatally defective, not in form but in substance. They did not allege that the sheriff's sale was under a judgment against the landlord and passed his estate. For all that appears it may have been an adverse title in a stranger. If so, whether that title was good or bad, it was no defence to the tenant. He had no right to attorn to a stranger to his lessor's title. His paramount duty was to hold and defend the possession for his landlord, and surrender it to him when his term had expired. Even if the provision of the Act of March 21st 1772, § 13, 1 Sm. L. 374, can be imported into the Act of 1863, it could not avail the defendant in error. For under that act the claim must be by some person " in virtue of a right or title accrued or happening, since the commencement of the lease, by descent, deed or from or under the last will of the lessor," and such claimant must appear and become bound by recognisance to prosecute his claim at the next

[Heritage *v.* Wilfong.]

Court of Common Pleas, "then and in such case and not otherwise the justices shall forbear to give judgment:"    Steel *v.* Thompson, 3 P. R. 34.

By the Act of 20th March 1810, § 1, 5 Smith 161, jurisdiction is conferred upon justices "of all causes of action arising from contract, either express or implied, in all cases, when the sum demanded is not above one hundred dollars, except in cases of real contract, when the title to land or tenements may come in question." It is provided in the Act of March 22d 1814, § 2, 6 Smith 182, that in actions of trespass and trover before justices, "if the defendant shall, before the trial of the action, make oath or affirmation, that the title to lands will come in question in the said action, then the justice or alderman shall dismiss the same." The court below appears to have considered that these acts establish a general rule, that the jurisdiction of a justice under any Act of Assembly is ousted wherever a claim of title is made before him. But even under the Act of 1810, it is not enough merely to allege a claim of title; it must appear that such claim may be a defence. Therefore, in Camp *v.* Walker, 5 Watts 482, which originated before a justice, and was an action by the endorsee against the maker of a promissory note, the defendant proved that the consideration of the note was the sale of land in order to show that the justice had no jurisdiction, and the court below having so instructed the jury, the judgment was reversed; and by Rogers, J., "The test of jurisdiction is whether the title to land *can* come in question. But it is not perceived how the title to the land, which was the consideration of the note, can come in question. The holder of a negotiable note has nothing to do with the original consideration; he takes it discharged of all equities between the maker and payer." It may be said in this case, with equal force, that in a proceeding by a landlord against his tenant, the title of a stranger, not claiming by or under the lessor, cannot come in question. We may make presumptions to sustain the proceeding of a justice, but we ought not to presume against it that the claimant's title was derived under the landlord when it is not so alleged.

Judgment of the Court of Common Pleas reversed. Judgment of the alderman affirmed, and the record ordered to be remitted.