# Malinda Graver and Charles Graver in Right of his Wife, Malinda, Plffs. in Err., v. Morgan W. Fehr.

A party was dispossessed by proceedings under the landlord and tenant act of 1863, of premises held under an alleged agreement of purchase. These proceedings were reversed on certiorari for want of jurisdiction of the justice. In an action on the case, where the declaration recited the contract and the proceedings and averred that, by means of the premises, and by the false and malicious action of the defendant, without probable cause, the plaintiff was deprived of his property in violation of contract, —*Held*

(*a*) That the declaration is good in case for malicious prosecution.

(*b*) That the judgment of the justice established a probable cause of action.

(*c*) There being no evidence of an excessive use of the writ of possession, there could be no recovery by the plaintiff.

(Decided October 4, 1886.)

Error to the Common Pleas of Schuylkill County to review a judgment on a verdict for defendant in an action on the case. Affirmed.

On December 9, 1874, Morgan W. Fehr, the defendant in error, by agreement in writing under seal with Charles Graver, trustee for Malinda Graver, his wife, sold a house and lot in Tremont, Schuylkill county, for $1,400, payable in yearly instalments of $25 and $50 each, with 8 per cent per annum interest. The agreement provided that on failure to pay the instalments as stipulated, the defendant in error might be considered and treated as tenant at will.

It was alleged on the part of the plaintiff in error that, subsequently to this agreement, it was discovered by Mrs. Graver, the *cestui que trust,* that the property was unfit for the use for which it was purchased, to wit, a hotel, and that thereupon an oral agreement was entered into that she should build a large addition to the property, and make other needed improvements,

---

NOTE.—See note to McClelland v. Patterson, 4 Sad. Rep. 264.

and should pay the costs and expenses thereof first, and afterwards pay the consideration expressed in the written agreement.

The defendant in error on November 7, 1877, instituted proceedings for possession under the landlord and tenant act of April 14, 1863 (Purdon's Digest, 832, pl. 20), before a justice of the peace, obtained judgment thereon, and ejected plaintiffs in error from the premises.

Upon writ of error to the supreme court, it reversed the proceedings (89 Pa. 463) on the ground that the justice had no jurisdiction.

The plaintiff in error then applied in the court below and in the supreme court for a writ of restitution, but it was denied.

On December 28, 1880, this action was brought. The cause of action as set forth in the declaration is stated in the opinion of the supreme court.

At the trial of the case, before GREEN, J., the plaintiff in error undertook to prove the parol contract, the improvements made thereunder, and the manner of its violation.

The defendant in error denied the parol agreement and offered evidence to reduce the value of the improvements made. The court below took the case away from the jury and directed a verdict for the defendant, charging, *inter alia,* as follows:

"Another fact, which is undisputed in this case, would go to show that the party did not act without having probable cause, in this: that for the purpose of gaining possession of this property, he instituted his proceedings before a justice of the peace; that the parties were summoned before the justice of the peace; that there was a hearing before the justice of the peace; and that the justice of the peace rendered a judgment in the case; and that after the justice of the peace had rendered judgment, it was not until then, this process was issued for the purpose of dispossessing Graver, and putting Fehr in possession of this property. That fact, we say, unless it should be denied, would be conclusive, we think, of the fact that there was probable cause for the issuing of this writ; the fact that a judgment was obtained before a disinterested party, a justice of the peace, after a hearing of the parties, when there was no evidence at all to show any collusion between the justice and the plaintiff in the case, whereby

he was to render a judgment for the purpose of ousting the party from the possession of this property. We say that would have been the state of facts if this proceeding that we have been trying here were simply an action for malicious prosecution; but instead of that you have a proceeding here for a breach of contract, which the party would be authorized to bring, because he would have the right to waive the tort, that is, to waive the wrong, to waive the trespass that he had committed, and proceed for damages by reason of the breach of the contract or agreement made between these parties. But for the purpose of showing the damage which he sustained by reason of this breach of contract, he has shown the fact that all the damage that he sustained was by reason of being put out of possession of this property by the constable, upon the judgment which had been rendered by the justice of the peace, and a writ of dispossession being put in the hands of the constable for the purpose of putting Graver out of possession, and putting Fehr in. We say, you have that fact in evidence in this case; and that being the fact, we say to you that there could be no recovery for damages by reason of such an injury as that, unless the plaintiff in the case shows that that damage was done maliciously, and for want of probable cause. That is to say, he would be compelled to make the same proof in this case, as if the action had been one for malicious prosecution. He has not made that proof. . . . He has not shown that fact, but we say to you that it was as necessary to show that fact in the present case as if the proceeding had been one for malicious prosecution. That fact not having been shown, as it was necessary to show, and those being the only damages which have been shown in this case, or the only injury which the plaintiff in this case sustained, that is, by reason of the dispossession of him from this property, we say that the plaintiff has not made out his case and that the defendant is entitled to a verdict at your hands." First assignment of error.

The court refused to charge the jury as follows: "That the process that was issued for the possession of the premises was unwarranted and illegal and was employed to attain an unlawful object, not the purpose which it is intended by the law to effect;

and therefore it was a malicious abuse of process on the part of the defendant, and mulcts him in vindictive damages." Fourth assignment of error.

*J. W. Moyer, W. F. Shepherd* and *William D. Seltzer,* for plaintiffs in error.—Wherever a man does an act which in law and in fact is a wrongful act, and such an act as produces injury to another and which did produce injury, an action on the case will lie for damages for said injury. Ashby v White, 2 Ld. Raym. 938, 1 Smith, Lead. Cas. 342; Upton v. Vail, 6 Johns. 181, 5 Am. Dec. 210; Griffen v. Farwell, 20 Vt. 151; Pasley v. Freeman, 3 T. R. 63; Sheldon v. Fairfax, 21 Vt. 102; Langridge v. Levy, 2 Mees. & W. 519; Weatherford v. Fishback, 4 Ill. 170; Bond v. Hilton, 44 N. C. (1 Busbee, L.) 308, 59 Am. Dec. 552; Googins v. Gilmore, 47 Me. 9, 74 Am. Dec. 472.

For every breach of contract the law implies damages, of the measure of which the jury under the superintendence and control of the court is judge. Holler v. Weiner, 15 Pa. 242.

If the defendant took illegal measures to recover possession, he was guilty of a malicious abuse of process, and is liable to be mulcted in vindictive damages. Mayer v. Walter, 64 Pa. 283.

It was the duty of the court to leave to the jury for their determination the amount of damage suffered by the plaintiff in consequence of the breach of contract; and if the jury found that he, Fehr, was guilty of outrage and oppression in his proceedings to recover possession of the premises, then the jury would have had the right to award vindictive damages. Sedgw. Damages, 573; Berry v. Fletcher, 1 Dill. 67, Fed. Cas. No. 1,-357; Day v. Woodworth, 13 How. 363, 14 L. ed. 181.

Malice may be inferred from the want of probable cause. Pangburn v. Bull, 1 Wend. 345; White v. Tucker, 16 Ohio St. 468; Ammerman v. Crosby, 26 Ind. 451; Cooper v. Utterbach, 37 Md. 282; McKown v. Hunter, 30 N. Y. 625; Willans v. Taylor, 6 Bing. 183; Closson v. Staples, 42 Vt. 209, 1 Am. Rep. 316; Purcell v. Macnamara, 9 East, 361; Mowry v. Whipple, 8 R. I. 360; Harpham v. Whitney, 77 Ill. 32; Merriam v. Mitchell, 13 Me. 439, 29 Am. Dec. 514; Dietz v. Langfitt, 63 Pa. 234; Schofield v. Ferrers, 47 Pa. 194, 86 Am. Dec. 532;

Paukett v. Livermore, 5 Iowa, 277; Harkrader v. Moore, 44 Cal. 144; Holliday v. Sterling, 62 Mo. 321; Savil v. Roberts, 1 Salk. 14, 15; Ewing v. Sanford, 19 Ala. 605.

*James B. Reilly* and *J. W. Roseberry,* for defendant in error.—The plaintiffs were estopped from denying the existence of a probable cause of action, by the fact that a judgment was rendered against them by the justice. Herman v. Brookerhoff, 8 Watts, 240.

Probable cause being a question of law, it is error to refuse to give binding instructions to the jury. Fisher v. Forrester, 33 Pa. 501; Walter v. Sample, 25 Pa. 275; Laughlin v. Clawson, 27 Pa. 328.

OPINION BY MR. JUSTICE TRUNKEY:

The plaintiffs were in possession of a lot and buildings thereon, under a contract between themselves and the defendant. On November 7, 1877, the defendant instituted proceedings to recover possession before a justice of the peace, obtained judgment and, by virtue of execution on that judgment, the officer removed the plaintiffs and put the defendant in this action into possession. That judgment was taken to the court of common pleas where it was affirmed; but in this court the proceedings were reversed and set aside, on the ground that the justice had no jurisdiction.

In this action the declaration contains one count only. It recites the making of a contract in writing, and an additional oral contract which modified the writing; avers that the plaintiffs, in performance of said contract, expended large sums of money and made valuable improvements, and always have been ready to fully perform the contract on their part; and complains that the defendant, in the fall of 1877, not then having any reasonable or probable cause of action whatsoever against the said plaintiff, but wrongfully, illegally, and in violation of the contract made on the 21st day of December, A. D. 1874, and unjustly contriving and intending to harass, oppress, and obtain possession of the property of said plaintiffs, and thereby injure the said plaintiffs, did falsely, maliciously, illegally, and in violation of con-

tract, cause and procure a judgment before Morgan Reed, a jus-
tice of the peace in Pottsville, to be entered for the possession of
the premises of the plaintiffs, and, having so obtained the judg-
ment as aforesaid, did falsely, maliciously, and illegally, and in
violation of contract, cause and procure to be issued out of the
court of the said justice a certain writ, called a writ of posses-
sion, against the said plaintiffs and all claiming under them, by
which writ the said constable was commanded, that he should
take the said plaintiffs and all claiming under them and put
them out of possession and deliver possession of the premises to
the defendant.

And it is further charged that the constable did put the plain-
tiffs out of possession, and put the defendant in, and so made his
return on January 29, 1879; and subsequently in May, 1879,
said judgment of the justice was reversed and set aside. Then
follows averment that by means of the premises they were de-
prived of their "property in violation of contract;" suffered
great pain in body and mind; were greatly injured in credit and
circumstances; were hindered and prevented from transacting
their lawful affairs and business, and forced to expend large
sums of money, and have been greatly injured and damnified.

It is manifest that the recital of the contract and of the plain-
tiffs' performance thereof is merely inducement. It explains
how the plaintiffs came into possession of the land, and why the
defendant was not entitled to it. Nothing is set out showing
that the defendant had contracted not to bring suit to recover
possession. The cause of action is stated in the part of the dec-
laration above quoted. Its model seems to be a form in case for
malicious arrest for debt (2 Chitty, Pl. 600), appropriate
changes being made.

As in that form, it avers the want of probable cause of action,
the defendant's malice, his wrongful and unjust contrivance to
harass and oppress the plaintiffs, his false and malicious procur-
ing of judgment and the execution thereof, and the final termi-
nation of the action; and concluding "by means of which sev-
eral premises," etc. True, the phrase, "in violation of the con-
tract," is repeatedly inserted; but no breach is alleged in any
form aside from the institution and prosecution of the proceed-

ing before the justice of the peace. If that phrase means nothing it is not hurtful. The declaration is good in case, for the malicious prosecution of the proceeding before the justice, and that is the cause of action shown. The unnecessarily long inducement is harmless.

And the evidence fails to show any breach of contract, unless the procuring of judgment, ordering execution to be issued, and receiving possession of the property from the officer who executed the writ, is a breach. If the contract was such that the defendant had no right to the possession, the plaintiffs had opportunity to defend before the justice. The matter in dispute was adjudicated and enforced by execution. For what was involved in that, and for nothing else, it is claimed the defendant violated the contract. If upon such allegation and proof, an action on the case, merely for breach of contract, can be sustained, it is difficult to say where litigation would end. Any tenant, dispossessed by due legal process, may chop around and sue the landlord for breach of the contract by which he got possession. Instead of disposing of the merits in the suit to recover possession, the tenant may afterwards sue for breach of contract; and in case he had a meritorious defense in the prior suit, he may give in evidence that suit and enforcement of the judgment, not only to win vindictive damages, but to establish the alleged breach. Nor would the principle apply only to a case where the suit was to recover possession of land.

We think the principle contended for by the plaintiffs is unsound. They may be entitled to remedy, but not in this form; that is, if the action is to be treated as case for breach of contract, with nothing to constitute a breach save the former suit between the parties.

In Herman v. Brookerhoff, 8 Watts, 241, Chief Justice GIBSON pointed out the distinction betwixt an action for malicious prosecution of a criminal charge and an action for malicious arrest in a civil suit; and he stated some of the points of resemblance. A justice of the peace gave judgment against Herman, who appealed, and in the court of common pleas, Brookerhoff discontinued the suit. Thereupon Herman sued Brookerhoff for maliciously suing out a capias ad respondendum and causing

his arrest. It was ruled that whether the prosecution before the justice be treated as a civil or criminal one, the plaintiff had no case. The conviction established the existence of a cause of action.

In that case, as in this, the justice was mistaken. Here, not until the decision of this court was it determined that the justice had no jurisdiction, but that determination did not settle that Fehr maliciously brought the suit. The judgment of the justice established the existence of a cause of action; and whether that judgment was discontinued after appeal to the common pleas, or was reversed when brought into this court, these plaintiffs have no case for maliciously obtaining the judgment and enforcing it by execution, unless there be proof of an excessive use of the process. At the trial it was not contended that there had been excessive use of the writ of possession.

The plaintiffs' fourth point evidently refers to the institution and prosecution of the proceeding before the justice, and the argument is that the process was unwarranted and illegal; so decided in Graver v. Fehr, 89 Pa. 460; and that therefore the defendant "was guilty of a malicious abuse of process, and is liable to be mulcted in vindictive damages."

There was no error in directing the jury to find for the defendant, and the assignments of error need not be severally noted.

Judgment affirmed.