# William C. A. Kennedy et al. v. David Davidson.

If the judgment is void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time the jurisdiction on that ground, is brought to the attention of a supervising Court. For lack of jurisdiction parol testimony may be heard.

When at the time of the service of the summons, the defendant was a resident of the county in which suit was brought, then he is not liable to be sued by a short summons.

LEASE—LACK OF JURISDICTION BY REASON OF CHANGE OF RESI-
DENCE OF DEFENDANT—SHORT SUMMONS—SERVICE
OF SUMMONS.

Certiorari.

No. 4, December Term, 1900, C. P. Monroe Co.

Eilenberger & Huffman, Attorneys for Plaintiffs.

Staples & Erdman, Attorneys for Defendant.

Opinion by CRAIG, J., December 1, 1902.

## STATEMENT OF FACTS.

David Davidson, the defendant above named, leased from the plaintiff a summer boarding house situate in Smithfield Township, Monroe county, Pennsylvania, the term being from June 1st to Oct. 1st, 1900. The lease also included a demise of the personal property on the place to the defendant, and contained an option giving Davidson the right to purchase the property at any time during the term.

At the time of making the lease the defendant was a resident of the City of New York. The purpose of renting the place was to run a summer boarding school. He conducted a summer school from about the first day of June until some time in September.

The plaintiffs brought suit by short summons before a Justice of the Peace and obtained judgment against the defendant before the expiration of the term under a clause in the lease giving them the right to sue at once for injury to personal property that was not immediately repaired. The defendant did not appear at this suit.

William C. A. Kennedy et al. v. David Davidson.

The defendant appealed and immediately entered a rule on the plaintiffs to show cause why writ of summons and all proceedings thereunder should not be quashed for the following reasons:

1st. Because suit was instituted by short summons instead of long summons.

2nd. Because suit was instituted before any right of action accrued.

3rd. Because the summons was not served by the Constable next most convenient to the said defendant.

The summons in this case had been issued to "John Decker, Constable of the Borough of Stroudsburg, or the next Constable most convenient."

Depositions were taken upon the rule as to the residence of the defendant. The only testimony heard on the part of defendant was defendant himself, and the testimony was to the effect that he came to Stroudsburg for the purpose of remaining there permanently, that he brought his library with him and some little furniture and that his wife came with him, the only member of his family. The plaintiffs showed that the defendant made a number of declarations that his residence was in New York during this period. That he had never accepted the proposition to buy the place, nor bought any other place in Smithfield Township. That the running of this school was a new thing to him, and its continuance depended on whether it was a success financially and the climate was satisfactory.

Plaintiff's position in regard to the rule was that the defendant having taken an appeal he could not raise the question of jurisdiction under a rule has the effect of a certiorari, and that the appeal was a waiver of any question of jurisdiction as to the person of the defendant.

## OPINION:

If the defendant resided in Monroe county, at the time the summons was served on him, then the proceedings were begun without a lawful writ, and the Justice acquired no jurisdiction,

and could render no valid judgment. And, if the judgment is void for want of jurisdiction to enter it, it matters not how, or in what mode, or at what time, the objection on that ground is brought to the attention of the supervising court; Pantall v. Dickey, 128 Pa. 431; Gates v. Bloom, 149 Pa. 107; Hill v. Tionesta Twsp., 129 Pa. 525; Collins v. Collins, 37 Pa. 387; Deihm v. Snell, 119 Pa. 316; Township of Moreland v. Gordner, 109 Pa. 116; O'Connor Bros. v. Bank, 2 Chest. Co. 296.

For lack of jurisdiction, parol testimony may be heard. The depositions show that prior to June 1st, 1900, the defendant resided in the City of New York. About that time he came to Monroe county with the intention of conducting a summer vacation school. He leased a farm and a partly furnished building from the plaintiffs, and opened the school upon it. He had from thirty-eight to forty scholars in attendance, and closed his school about September 5th, 1900. He did not leave the premises until about the 20th of September, 1900. In the lease, an option or privilege to buy was inserted, for an agreed upon sum. He had his family with him, keeping house in the school building for nearly four months. He also had his library there and some household furniture. At the time of the service of the summons the defendant was living on the premises. During this occupancy of the farm and school, the defendant swears it was his intention to stay on the place permanently. Against this a number of witnesses were called, who testified that the defendant, before he took possession of the farm and school, and whilst he lived upon it, and at the time the summons was served on him, declared that his residence was in New York City, and that he did not intend to stay permanently in Monroe county.

We think these declarations cannot countervail against the facts of residence, as detailed in the depositions. We are therefore constrained to hold that at the time of the service of the summons the defendant was a resident of Monroe county, and not liable to be sued by a short summons.

Further, exception is· taken because the summons was not served by the Constable next most convenient to the defendant. And we are referred to Butz v. the Phoenix Iron Co., 11 Dis. 680; Eagle v. Howarth, 8 Dis. 610; Ins. Co. v. Keller, 9 Dis. 61, as authorities for the contention. It will be observed that those cases arose under Sec. 2, of the Act of 20th March, 1810. They do not apply, in our judgment, to Sec. 26, of the Act of 12th July, 1842, under which this proceeding was instituted. This exception is therefore dismissed.

And now, December 1st, 1902, the rule is made absolute, and the writ of summons is quashed, and the proceedings thereunder set aside.

Reported by Henry J. Kotz, Esq., .
Stroudsburg, Pa.