# Seidel, Appellant, *v.* Sperry.

*Landlord and tenant—Termination of lease—Inquisition under act of* 1772,
*1 Sm. L.* 370.

Where the inquisition in a landlord and tenant proceeding under the act
of 1772 leaves it doubtful whether or not the defendant's term had fully
expired when the proceedings were instituted, the proceedings must be
set aside. `

Argued Nov. 17, 1904.   Appeal, No. 225, Oct. T., 1903, by
plaintiff, from judgment of C. P. Berks Co., May T., 1903,
No. 34, on certiorari in case of Henry J. Seidel v. William H.
Sperry.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER,
MORRISON and HENDERSON, JJ.   Affirmed.

Certiorari to two justices of the peace.

ENDLICH, J., filed the following opinion :

This is a landlord and tenant proceeding under the act of
1772.   Except to establish fraud or want of jurisdiction no
facts dehors the record, however conclusively appearing by
depositions, can be considered on certiorari ; the only matter
ordinarily to be passed on being the sufficiency of the record :
Wistar v. Ollis, 77 Pa. 291 ; Steamship Co. v. Haas, 151 Pa.
113.   In order to its sufficiency, however, it is indispensable
that all the facts necessary to give jurisdiction to the justices
be affirmatively and positively set out in the proceedings : Mc-
Gee v. Fessler, 1 Pa. 126 ; and see Givens v. Miller, 62 Pa.
133 ; Graver v. Fehr, 89 Pa. 460 ; Davis v. Davis, 115 Pa.
261. ˙ If any of these facts be by the record left uncertain, the
proceedings are bad : Fahnestock v. Faustenauer, 5 S. & R.
174.   One of them is the full determination of the term for
which the property was demised : Hohly v. German Reformed
Society, 2 Pa. 293.   Here the inquisition states that one Ensle,
being then the owner of the property in question, on June 30,
1898, leased it to defendant for a term of three years and nine
months from July 1, 1898 ; that on November 30, 1899, said
Ensle extended the term of the lease to defendant for three
years, beginning March 31, 1902, and ending March 31, 1905 ;
that " subsequently . . . . on March 17," said Ensle " con-

sented to the lease of said premises to one Samuel Sperry, the said William H. Sperry (defendant) having given up said demised premises to said Samuel Sperry;" that thereupon said Samuel Sperry continued in possession as lessee and tenant of said Ensle until March 26, 1900, when he gave up possession of said premises to defendant; that the latter then continued in possession as tenant of Ensle until March 31, 1902, when Ensle conveyed to plaintiff; that plaintiff thereafter received the rent from defendant as his tenant, " whose term as such tenant of said premises was fully ended on the first day of April, 1903 ; " that plaintiff, on December 30, 1902, gave him notice to quit, and that he has not complied with said notice.

Of course the language of the inquisition, like that of a statute, Maxw. Interpr. Stat., p. 383 ; or of an order of court, Fire Ins. Co. v. Boggs, 172 Pa. 91, 98 ; or of a contract, Ege v. Koontz, 3 Pa. 109, 114 ; MacGregor v. Rawle, 57 Pa. 184, 186, must be understood in a lawful sense. Hence, when it speaks of a lease and of an extension thereof, it means that which is lawful under the statute of frauds. And when it speaks of Ensle as having " consented " to the lease of the premises to Samuel Sperry, it means a consent in such form as was consistent with the terms of the subsisting lease to defendant. The lease not being, as it ought to be, either in haec verba or in substance (Stroup v. McClure, 4 Yeates, 523, 525, set forth in the record), this rule must apply to the latter with peculiar force.

We have then, in this record, the fact that Ensle demised to defendant, by a lawful lease, lawfully extended, for a term ending March 31, 1905. Standing alone that would clearly show that his term was not ended on April 1, 1903, and it goes without saying that a naked finding to the contrary, without a distinct averment of an earlier determination of defendant's right, or of facts in law amounting thereto, would not overcome it. There would be two contradictory findings on the material question of the completion of defendant's term, neither of which could be ignored, and the co-existence of which would leave that fact in doubt, and thereby vitiate the record.

But it is contended that the other facts set forth in the inquisition remove this doubt. After the extension of the lease agreed to on November 30, 1899, it is stated, defendant having

" given up " the premises to Samuel Sperry, Ensle on March 17 " consented to the lease " thereof to him. It is not stated in what year this was. Inferentially from what follows, it was in the year 1900. But the record ought not to leave any material question of fact to conjecture or inference (Fahnestock v. Faustenauer, 5 S. & R. 174) and certainly, since the plaintiff relies on this circumstance as a then abandonment or surrender by defendant of his lease for the balance of the term expiring in 1905, the date of it is not immaterial. But does it appear that there was an abandonment or a surrender? It is not so found in express terms. That defendant had " given up " the premises to Samuel Sperry does not in any way imply an abandonment by him of the term assured to him by his lease expiring five years later. It does not necessarily imply a removal from the premises. It may mean no more than that defendant admitted Samuel Sperry into control of the property. It may mean that defendant admitted him as his agent or as his under tenant. There is nothing in the record to show that defendant did not have the right to do any of these things under his lease; much less that the provisions of it determined his tenancy in the event of his doing any. In Manley v. Dupuy, 2 Whart. 162, it is held that even the removal of the original lessee from the lease premises and the incoming of a subtenant or assignee are no evidence of the termination of the original lessee's tenancy, though followed by a distraint of the subtenant's goods by the owner of the premises. If in this case it was intended to find that defendant had abandoned or surrendered his leasehold (and it is not even declared that he parted with his lease, see Keating v. Condon, 68 Pa. 75), why, instead of finding a lot of inconclusive circumstances, does not the inquisition declare that he did abandon it, or surrender it,— terms not only technically precise, but used and well understood in popular speech? Obviously, and as appears from the record itself, because it would have been untrue. The record says that, the defendant having " given up " the premises to Samuel Sperry, and therefore not surrendered them to his landlord, who alone could accept a surrender and without whose acceptance there could be no surrender (Lane v. Nelson, 167 Pa. 602), Ensle " consented to the lease " thereof to Samuel Sperry. " Consented to the lease " thereof,—not " leased "

them, or " made a lease " of them. That is, he agreed to a let-
ting of them by some one else. By whom? The record sug-
gests no possible answer but by the defendant. Moreover,
it was to a " lease " that Ensle consented,—not to the trans-
fer of a lease, or the assignment of a lease. That is, he
consented to a subletting. In other words, after having
" given up " the premises, but not surrendered his lease-
hold estate in them, the defendant was still recognized by
the landlord and owner of the property as having an es-
tate in it which he could demise to another. Of course,
under such circumstances there can be no pretence of
an abandonment or a surrender or an acceptance of a sur-
render of defendant's term, as a permissible inference or im-
plication from facts found in the inquisition and thus far
adverted to. It is, to be sure, further stated therein that
subsequently to Samuel Sperry's incoming, he "continued in
possession of said premises as lessee and tenant of said Ensle."
If, however, that statement is intended as a legal conclusion,
it is contradicted by what precedes, and finds no support in
what follows it. If Samuel Sperry subrented from defendant
with Ensle's consent, as the record declares, he was in as de-
fendant's and not as Ensle's tenant: Williams, Landlord &
Tenant, sec. 180. On the other hand, if the statement is in-
tended as a finding of fact, the fact found thereby can at most
be evidence of a surrender (see Pratt v. Jewelry Co., 69 Pa.
53), and by no means the equivalent of an express finding that
there was a surrender, and its effect is to be judged by reference
to the other facts found. In the absence of an express finding
of a surrender, there is no difficulty about reconciling it, as a
fact, with the other facts appearing in the record inconsistent
with the conclusion that there was a surrender. What those
facts are, down to this point, has already been seen. Next
comes the fact that, in a few days after the so-called " lease "
to Samuel Sperry, defendant again took over the premises and
that from the inception of the original lease down to Ensle's
conveyance of the property,—in fact, all the way down to the
institution of these proceedings,—the rent appears to have
been paid by defendant; Samuel Sperry's occupancy covering
no single rent paying period. Defendant's resumption of the
premises seems to have required no renewed consent by Ensle,

nor to have been objected to by him for want thereof.  Nor is it stated anywhere for what length of time the "lease" to Samuel Sperry, to which he did consent, was made.  From the plaintiff's standpoint, alleging an abandonment, or an assignment, or a surrender, or something amounting to one of these, this was an important fact.  To go no farther, the distinction between an assignment and an underletting depends upon whether the whole or only part of the term is transferred: Williams, Landlord & Tenant, sec. 179.  But the record is silent on this subject.  Hence the "lease" to Samuel Sperry may have been for the very number of days during which his occupancy continued.  It may have been at will.  Assuming that for whatever length of time it was to run, Samuel Sperry was to be considered as holding and did hold under Ensle, it is quite possible that the arrangement between the parties was, in effect, that a definite or indefinite term in favor of Samuel Sperry was to be carved out of the defendant's longer term, and that after the determination of such temporary occupancy defendant was to resume and did resume his tenancy under the original lease as extended by the agreement of November 30, 1899.  If so, it is very manifest that his right of possession was secure until March 31, 1905,—that the notice to quit given on December 30, 1902, was a nullity,—and that the time has not yet arrived when there can be any lawful proceedings under the act of 1772 to oust the defendant: in a word, that this proceeding was without jurisdiction.

It is not intended to declare, as matter of fact, that this is the real situation of the case.  The depositions, if to be considered, would establish one even more hopeless for the plaintiff.  All that this now decided is that the inquisition leaves it doubtful, for the reasons given, whether or not the defendant's term had fully expired when the proceedings under review were instituted, and that, because of that defect of certainty on so vital a point, they must be set aside.  It must be remembered that the record states the creation of a leasehold prima facie continuing to March 31, 1905, and its determination upon March 31, 1903, upon the ground, not of an explicit finding of a previous abandonment, surrender or assignment, but of a variety of detailed findings of fact none of which singly, nor all of which collectively, can amount either to abandonment,

or a surrender, or an assignment, but taken together seem to negative each and all of them. It would be a farce to sustain an inquisition thus finding a series of facts whose legitimate effect is to preclude the idea of a determination of the term, and yet concluding with a declaration, based upon them, of its full determination.

There was something said at the argument about, and there is an exception relating to, the execution of a writ of restitution awarded by the aldermen, and it was urged that defendant, in the event of a decision upon the certiorari in his favor, would be entitled to an order of re-restitution. The record returned in obedience to the mandate of this court shows, indeed, the issuance of such a writ, but not its execution. There is no suggestion of diminution. Hence there is nothing before us whereon to base an order of re-restitution. Whatever may be the defendant's rights in this respect, their pursuit will have to be left to future appropriate proceedings.

The proceedings are reversed.

*Error assigned* was the judgment of the court.

*D. E. Schroeder,* with him *Harry J. Dunn,* for appellant.— All the facts necessary to make this proceeding lawful and sufficient are fully set forth in the record : Bedford v. Kelly, 61 Pa. 491 ; Union Canal Co. v. Keiser, 19 Pa. 134 ; Buchanan v. Baxter, 67 Pa. 348 ; Snyder v. Carfrey, 54 Pa. 90.

Proceedings under such statutes are not to be criticized with the extreme strictness that is applied to summary convictions under penal statutes : Wilmington Steamship Co. v. Hass, 151 Pa. 113.

*C. H. Ruhl,* with him *E. H. Deysher,* for appellee, cited : McGee v. Fessler, 1 Pa. 126 ; Fahnestock v. Faustenauer, 5 S. & R. 174 ; Manley v. Dupuy, 2 Wharton, 162 ; Fisher v. Miliken, 8 Pa. 111 ; Dyer v. Wightman, 66 Pa. 425 ; Auer v. Penn., 92 Pa. 446.

PER CURIAM, December 12, 1904 :

The appellant's counsel states the question involved as follows : " Whether the record in a landlord and tenant proceed-

ing, under the act of 1772 is sufficient, which sets forth ' whose term as such tenant of said premises was fully ended on April 1, 1903,' without showing precisely on its face how the end of the term was determined by the jury of freeholders and aldermen." If this were the sole question, it might well be that the court of common pleas would have been justified in affirming the proceedings of the justice ; but, as pointed out in the opinion of the court, this is not the precise question. The learned judge, near the end of his opinion, says : " All that is now decided is that the inquisition leaves it doubtful, for the reasons given, whether or not the defendant's term had fully expired when the proceedings under review were instituted ; and that, because of that defect of certainty on so vital a point, they must be set aside. It must be remembered that the record states the creation of a leasehold prima facie continuing to March 31, 1905, and its determination upon March 31, 1903, upon the ground, not of an explicit finding of a previous abandonment, surrender or assignment, but of a variety of detailed finding of facts, none of which singly, nor all of which collectively, can amount either to abandonment or surrender or an assignment, but, taken together, seem to negative each and all of them."

In thus concluding that the inquisition was defective upon the ground of uncertainty, we think the learned judge was clearly right. This has been so well shown in the exhaustive and satisfactory opinion filed by him as to render it unnecessary for us to add anything to the discussion.

The judgment is affirmed.