## Thompson, Appellant, *v.* Hedrick.

*Assumpsit—Real estate—Contract for sale of—Action for breach—Evidence—Judgment n. o. v.—Issue—Res judicata.*

In an action of assumpsit to recover damages alleged to have resulted from the breach of a contract to convey real estate, the evidence was conflicting as to whether the agreement of sale had been rescinded by mutual consent and a parol tenancy substituted therefor.  The defendant put in evidence the record of a landlord and tenant proceeding instituted by him against the plaintiff, which resulted in judgment against the latter, which judgment became final owing to the plaintiff's failure to prosecute an appeal therefrom.

Under such circumstances the court properly entered judgment non obstante veredicto in favor of the defendant.

The entry of judgment by the alderman rested necessarily upon his finding that the premises had been leased and the issue of fact was res judicata.

*Alderman—Record—Conclusiveness—Act of December 14, 1863, P. L. (1864) 1125.*

A defect in the record of an alderman, even though fatal to the proceeding if attacked directly by certiorari, does not necessarily render the alderman's judgment null and void for any and all purposes; unless it is clearly concerned with a jurisdictional requirement.

There is no provision in the Act of December 14, 1863, (1864) P. L. 1125, requiring the proceedings to be dismissed upon an affidavit by the defendant that the title to lands will come in question.

Argued March 18, 1927.  Appeal No. 25, March T., 1927, by plaintiff from judgment of C. P. Dauphin County, June T., 1925, No. 117, in the case of Cora Thompson v. Jesse W. Hedrick.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Assumpsit to recover damages for breach of a contract to convey real estate.  Before HARGEST, P. J.

42    THOMPSON, Appellant, *v.* HEDRICK.

Statement of Facts—Opinion of the Court.    [91 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500. Subsequently, upon motion, the court entered judgment non obstante veredicto in favor of defendant. Plaintiff appealed.

*Errors assigned* were to various rulings on evidence and the granting of defendant's motion for judgment non obstante veredicto.

*Samuel Handler,* and with him *Walter F. Miller,* for appellant, cited: Davis v. Davis, 115 Pa. 261; Prouty v. Shively, 31 Pa. C. C. 634; Schwab v. Schneider, 236 Pa. 61; Torrance v. Torrance, 53 Pa. 505; Simpson's Estate, 253 Pa. 217; Sperry v. Seidel, 218 Pa. 16; Siegfried v. Boyd, 237 Pa. 55.

*George Kunkel,* for appellee, cited: People's Water Co. v. Pittston, 241 Pa. 208; Shaffer v. Wilmore Coal Co., 246 Pa. 550; State Hospital v. Consolidated Water Supply Co., 267 Pa. 29; Koontz v. Hammond, 62 Pa. 177; Koenig v. Bauer, 57 Pa. 168; Quinn v. McCarty, 81 Pa. 475.

OPINION BY KELLER, J., July 8, 1927:

This was an action of assumpsit to recover the damages claimed to have been suffered by the plaintiff on account of defendant's breach of a contract to convey real estate.

The important issue of fact was whether a written contract for the sale of real estate, made January 1, 1919, which called for the payment by the purchaser, (this plaintiff), to the seller, (this defendant), of $3,000, in monthly instalments of $40 each, to be credited on the purchase price aforesaid, "after first deducting interest, insurance, taxes, water rent and other necessary charges," had been orally modified

about a month later, by reducing the plaintiff's monthly payment thereunder from $40 to $25; or whether the agreement of sale had been rescinded by mutual consent, because the plaintiff was unable to make the monthly payments called for, and instead a parol tenancy had been entered into at a rental of $25 a month.

As bearing on this issue the defendant offered in evidence the record of landlord and tenant proceedings instituted by him against the plaintiff before an alderman in 1924, over a year prior to the bringing of this suit, looking to the dispossession of the plaintiff of the real estate above mentioned, under the Acts of December 14, 1863, P. L. (1864) 1125 and March 31, 1905, P. L. 87, which resulted in a judgment against this plaintiff as tenant, that she give up possession of the said premises to the lessor. This judgment became final, owing to the failure of this plaintiff to prosecute an appeal therefrom in compliance with the rules of court of Dauphin County, and a writ of possession was issued in due course. The entry of judgment aforesaid rested necessarily on a finding by the alderman that the said premises had been leased by this defendant to this plaintiff by the month, at the monthly rent of $25; and the defendant claimed that the judgment was therefore res judicata on the issue of fact involved in this action. The learned court below adopted this view and entered judgment in favor of the defendant notwithstanding a verdict for the plaintiff.

A review of the authorities has not convinced us that this action of the court below was error. We are confirmed in our opinion by the decisions of the Supreme Court in McClelland v. Patterson, 4 Sadler 264; Marsteller v. Marsteller, 132 Pa. 517, 523; Schwab v. Schneider, 236 Pa. 61; Graver v. Fehr, 3 Sadler 203, 209, 18 W. N. C. 311, 314; State Hospital v. Con-

solidated Water Supply Co., 267 Pa. 29; and Pittsburgh & Lake Erie R. R. v. McKees Rocks, 287 Pa. 311, 317.

Appellant however contends that certain informalities or irregularities in the record of the alderman's proceedings rendered the judgment void and hence destroyed its authority as res judicata.

It is likely that if a direct attack had been made on the proceedings by certiorari the judgment would not have been sustained; but that does not necessarily render it void; it may have been only voidable and not open to collateral attack. The alderman secured jurisdiction over the parties, and on the face of the complaint he had jurisdiction of the subject matter, thus differing from Merritt v. Whitlock, 200 Pa. 50; Sperry v. Seidel, 218 Pa. 16; Behrens v. Mountz, 37 Pa. Superior Ct. 326, 340; and Graver v. Fehr, 89 Pa. 460. It appeared from the alderman's docket that Hedrick while in quiet and peaceable possession of the premises, No. 313 Cherry Street, Harrisburg, demised them to Mrs. Thompson for the term of one month at the rental of $25 per month; that the said term being fully ended and the said Hedrick being desirous to have again and repossess the said premises did demand and require of the said Mrs. Thompson, thirty days previous to the expiration of her tenancy, that she remove from and leave the same and that she had refused to do so. It showed the issuance and service of the summons in accordance with law, a hearing at which the defendant (this plaintiff), and her counsel appeared and witnesses were heard, and a judgment in consonance with the statute, differing in this respect from Hickey v. Conley, 24 Pa. Superior Ct. 388. It is true that the record showed serious defects; e. g., it did not affirmatively appear by the docket that the notice to quit was in writing (See Act of 1905, supra), but Mrs. Thompson appeared at the hearing and made no objection on

that score,—so it is probable that such notice was actually given—, but only on the ground that she was in possession under her contract of purchase and not as a tenant. We are not prepared to hold that a defect in the record of this character, even though fatal to the proceeding if attacked directly by certiorari, renders the judgment null and void for any and all purposes if not so attacked; unless it is clearly a jurisdictional requirement. The decision in McGee v. Fessler, 1 Pa. 126, cited with approval in Graver v. Fehr, 89 Pa. 460, 463, does not so rule. In all of the cases relied on by appellant where the judgment of the justice or alderman was set aside as invalid, the attack on the proceeding was made directly by certiorari. See Davis v. Davis, 115 Pa. 261; Graver v. Fehr, 89 Pa. 460; Sperry v. Seidel, 218 Pa. 16 (See Seidel v. Sperry, 26 Pa. Superior Ct. 649); Behrens v. Mountz, supra; Blashford v. Duncan, 2 S. & R. 479; McGee v. Fessler, supra; Mikulski v. Ziolkowski, 73 Pa. Superior Ct. 72; Hickey v. Conley, 24 Pa. Superior Ct. 388. It does not appear from the official report of the last named case that the proceedings before the justice had been removed to the Common Pleas on certiorari and the judgment set aside before the action of trespass for unlawful eviction was begun, but the fact is made manifest in the opinion of the court below. See Hickey v. Conley, 18 Montg. L. Rep. 124. This omission has probably caused some misconception and misunderstanding as to the scope of that decision. The necessity for such an attack on the proceedings by certiorari or of a contest on the merits by appeal, is set forth in Graver v. Fehr, 3 Sadler 203, p. 209, 18 W. N. C. 311, p. 314, which is a later phase of Graver v. Fehr, 89 Pa. 460. See also Billings & May v. Russell, 23 Pa. 189, 192; Hazelett v. Ford, 10 Watts 101, 103; Emery v. Nelson, 9 S. & R. 12.

There is no provision in the Act of 1863, supra, as there is in the Act of March 22, 1814, 6 Sm. L. 182, regulating the proceedings of justices in trespass and trover, that an affidavit of the defendant that the title to the lands will come in question will require the proceedings to be dismissed; and the provision, along similar lines, in the Act of March 21, 1772, Sec. 13, 1 Sm. L. 374, is not applicable: Heritage v. Wilfong, 58 Pa. 137, 139; E'ssler v. Johnson, 25 Pa. 350.

The assignments of error are overruled and the judgment is affirmed.