## Freedman v. Amoroso

*Bernard Gekoski*, for plaintiff.
*David M. Hass*, for defendant.

BONNIWELL, J., June 22, 1938.—There is here presented for our determination the much-mooted question whether a magistrate has jurisdiction over actions in trespass on the case.

Plaintiff obtained a judgment before one of our magistrates for the sum of $58.30 for damages sustained by his automobile, which collided with defendant's motor vehicle. At the time of the accident, defendant's automobile was being operated by his agent. The action, therefore, is not one of vi et armis, but that of trespass on the case. An appeal from the magistrate's judgment was taken to this court. In answer to plaintiff's statement of claim, de-

fendant filed an affidavit of defense raising questions of law, challenging the jurisdiction of the magistrate in this case.

That this court has no jurisdiction on appeal, if the magistrate had none ab initio, is well settled in this State. The appeal does not waive the right to except to his jurisdiction and may be made at any stage of the case. Gates et al. v. Bloom, 149 Pa. 107; Township of Moreland v. Gordner, 109 Pa. 116; Shafer v. Cascio et al., 288 Pa. 56, 69 (1927).

For plaintiff, it is contended that the jurisdiction of magistrates has been enlarged to include actions of trespass on the case by section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751. This section, being substantially the same as contained in previous motor codes (April 23, 1903, P. L. 268; June 30, 1919, P. L. 678; June 14, 1923, P. L. 718; and May 11, 1927, P. L. 886), provides:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained".

Plaintiff relies greatly on the well-considered opinion of Lewis, J., in Campbell v. Krautheim, 4 D. & C. 577, wherein, in construing paragraph 30 of the 1923 code, he states:

". . . we find no difficulty in holding that when the legislature said 'all civil actions for damages arising from the use and operation of any motor-vehicle,' it meant all civil actions, whether the automobile of the defendant was operated by himself or by an employee."

There are other lower court decisions that construe this act similarly. "Unquestionably," states Atlee, P. J., in Walsh v. Martin, 21 D. & C. 98 (1934): "the legislature had a complete right to vest this authority in the minor judiciary. The constant tendency is to make

litigation less cumbersome and to make legal remedies more readily available, and the instant court feels that the jurisdiction conferred by the plain language of the code, sec. 1208, supra, should not be changed by judicial interpretation." See also Plotnick v. Stoltzfus et al., 44 Lancaster L. R. 198 (1934).

While we concur with these views, the doctrine of stare decisis, which still subsists, compels us to adopt an opposite interpretation. In Dreibelbis v. Bowman et al., 31 D. & C. 570 (1937), Sheely, P. J., reviews the various conflicting decisions and concludes that the alderman has no jursidiction for consequential damages arising from an automobile collision. See also Sprout v. Kirk, 80 Pa. Superior Ct. 514, Sharp v. Boyer, 6 D. & C. 597, Fillman v. Messner, 17 D. & C. 717 (1932), Sellers v. Romberger, 37 Dauph. 169 (1933), and Faunce v. Rowan, 13 D. & C. 109 (1929).

In Lamparter v. Conestoga Transportation Co., 28 D. & C. 635 (1936), the Court of Common Pleas of Lancaster County reversed itself on the position it previously maintained in Walsh v. Martin, supra, and Plotnick v. Stoltzfus, supra, and stated:

"In those cases this court took the position that under section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 997, an alderman has jurisdiction of all civil actions for damages arising from the use or operation of any motor vehicle whether the motor vehicle of defendant was operated by himself or by an employe. In view of the conflicting decisions, this court followed Campbell v. Krautheim, 4 D. & C. 577, decided by Judge Lewis, of Philadelphia. Subsequent to the decisions of this court above referred to, Judge Keller, of the Superior Court, in Knautt v. Massinger, 116 Pa. Superior Ct. 286, 290 (1935), said:

" 'This makes out a case for which trespass *vi et armis* would lie, which was the form of action before the justice. The injuries were direct and immediate and were alleged

to have been committed by the defendant personally, while operating his own automobile. Consequential damages, formerly recoverable in an action of trespass on the case, are still without the justice's jurisdiction. . . .'

"In view of the late decision of the Superior Court, supra, the court feels bound to hold that an alderman or justice of the peace does not have jurisdiction in an action sounding in trespass on the case."

In the light of this pronouncement, we are constrained to accept this interpretation of section 1208, and sustain the affidavit of defense raising the question of jurisdiction and enter judgment thereon for defendant. It is for the legislature to end this legal anachronism and amend The Vehicle Code to enlarge the jurisdiction of magistrates over actions in trespass on the case.

And now, June 22, 1938, the affidavit of defense raising questions of law filed by defendant in the above case is sustained, and it is directed that judgment thereon be entered in favor of defendant.