"ought to be governed entirely by fairness or fraudulent "behaviour in the bankrupt."

# Martha Stewart, (landlord,) *against* Thomas Martin, (tenant.)

When between landlord and tenant, justices of the peace do not allow a reasonable time to the tenant to procure his testimony, court will set aside their proceedings.

THE proceedings in this cause were removed by *certiorari*, from the county of Luzerne.

It appeared by the affidavits of the defendant, and Rosewell Wells his attorney, produced to the court, that the defendant had a material witness, one Mrs. Annis, resident in Newtown in the state of New York, whom, by reason of the shortness of the time from the service of the summons to the day of trial, he could not subpœna; and that he offered to verify this by affidavit to the justices, to induce them to postpone the trial; but the justices refused his prayer, and went on immediately to trial, and issued execution, founded on the verdict of the jury, for 5l. damages and costs, and also a writ of possession of the premises.

A motion was now made to set aside the proceedings.

*Per Cur.* Justices of the peace in cases of landlord and tenant, have great and extensive powers. The act giving them jurisdiction, evidently intending to give the landlord *festinum remedium*, we have adopted the rule that a *certiorari* is no *supersedeas*, founded on principles of general convenience. But we will always examine such proceedings narrowly, and to effectuate this purpose, we must of necessity call in the aid of affidavits.

In the present instance it appears to us, that the justices did not allow a reasonable time to the defendant to procure his testimony from the state of New York, which he offered to swear was material for him. This is so strong an act of injustice, that we find ourselves constrained to set aside all the proceedings since the general issue pleaded, and award the restitution as well of the premises, as of the 5l. recovered as damages.

Mr. Lewis, *pro quer.*

Messrs. Bradford, Ingersol, and Sergeant, *pro def.*

Cited in 89 Pa., 464, S. C., 7 W. N. C., 431, in support of the proposition that a certiorari under the landlord and tenant acts does not become a supersedeas.