#### OF

# PENNSYLVANIA.

## Middle District. June Term, 1814.

1814.

*Sunbury,*
*Saturday,*
June 18.

### GRUBB *against* FOX.

#### IN ERROR.

*A writ of error is not a supersedeas to proceedings in the Common Pleas, between landlord and tenant.*

IN proceedings before a landlord and tenant's court, the plaintiff in error obtained possession of certain premises, of which the defendant was tenant. These proceedings were reversed in the Common Pleas of *Northumberland* on the 19th of *January* last, and on the same day this writ of error was sued out, security entered, and notice immediately given to the opposite party. On the same day also a writ of restitution and a *fi. fa.* for costs were issued, under which the costs were levied, and possession restored to the tenant.

*Hall* for the plaintiff in error, now moved for a writ of restitution to reinstate Mr. *Grubb* in the possession, upon the ground that the writ of error was a supersedeas to proceedings in the Common Pleas. *Moorfoot* v. *Chivers* (a), *Curd* v. *Eastmeed* (b).

*Greenough* and *Watts* contra. Proceedings under the landlord and tenant law, are *sui generis:* their object is summarily to give the possession, without being obstructed by writs of error or *certiorari,* and of course to restore a possession in the same manner, where in any stage of the case it has been illegally ousted. It has been held that a *certiorari,*

(a) 8 *Mod.* 373.        (b) 1 *Barnes* 260.

to the justices is no supersedeas; *Anon.* 4 *Dall.* 214; though in a common case the law is otherwise, 2 *Com. Dig.* 23. E. *Certiorari.* The law must be the same with a writ of error.

*Duncan* in reply. On general principles this writ of error was a supersedeas, and there is nothing peculiar in this kind of case. When the proceedings come to the Common Pleas, they assume a new appearance, and become a common law proceeding. This is a judgment of a court of common law, removed here by writ of error. A *certiorari* is a different thing. It removes proceedings, not according to the course of the common law.

TILGHMAN C. J. delivered the judgment of the Court, *Yeates* J. declining to give any opinion on account of his connection with the plaintiff in error.

The usual effect of a *certiorari*, is to stay the proceedings of the inferior jurisdiction; such likewise is the usual effect of a writ of error. But it has been settled, that in cases between landlord and tenant the *certiorari* shall not stay proceedings, the act of assembly intending to give landlords a speedy remedy. In order to preserve uniformity of principle, and to do equal justice to landlord and tenant, the writ of error should have no greater force than the *certiorari.* It might be presumed in the first instance, that the landlord was entitled to the possession, because the jury found so. But now that the first proceedings are reversed by the Court of Common Pleas, the presumption is in favour of the tenant. Had not the Court considered this as a case *sui generis*, the tenant would never have lost the possession, because the *certiorari* would have protected him. By allowing the writ of error no greater force than the *certiorari*, we place both parties on an equal footing, and of course do equal justice to both. I am therefore of opinion that the motion of the plaintiff in error should not be granted.

Motion denied.