# Graver *versus* Fehr.

1. A summary proceeding given by statute is in derogation of the common law, and where advantage is taken of such proceeding, the necessary jurisdiction must appear on the face of the record or the proceeding is *coram non judice* and utterly void.

2. Where it does not affirmatively appear that a certain rent was reserved, a justice of the peace has no jurisdiction under the Landlord and Tenant Acts.

3. The limitation of twenty days within which a certiorari must be sued out, does not apply where it is apparent the justice has no jurisdiction.

4. The Act of 1810 does not apply to the summary process for obtaining possession of leased property under the landlord and tenant acts.

5. Lacock *v.* White, 7 Harris 495, and Rubicum *v.* Williams, 1 Ash. 230, followed.

March 19th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Schuylkill county:* Of January Term 1879, No. 20.

This was a proceeding by Morgan W. Fehr against Charles Graver, trustee, before a justice of the peace to recover possession of certain premises from the defendant, who, the plaintiff alleged, held them under him as his tenant by virtue of a lease in writing. During the progress of the case, both parties appeared on several occasions before the justice. On December 5th 1877, judgment was given in favor of the plaintiff and a writ of possession issued. The record of the justice, after describing the premises, set forth that the plaintiff " did demise the said premises during the will and pleasure of Morgan W. Fehr to Charles Graver, trustee, for his wife Melinda Graver, the tenant now in possession, and that the said Charles Graver, trustee as aforesaid, entered into possession of

[Graver *v.* Fehr.]

said premises by virtue of said lease in writing and held the same, and that the said term for which the premises were demised is fully ended." There was also a statement of denial and notice, and that the defendant had refused to deliver possession. The writ of possession was superseded on the same day it issued by a writ of certiorari taken by the defendant. After argument this writ was quashed by the court, and an alias writ of possession was issued by the justice on January 28th 1878. The constable then made return on January 29th that possession of the demised premises had been given to the plaintiff, and that defendant had "no goods." A second certiorari was issued February 25th 1878, and the following, among other exceptions, were filed to the proceedings of the justice:

1. The complaint in this action does not contain the legal requirements to authorize the justice to institute proceedings; it does not allege that there was a certain rent reserved, and a demise during the will and pleasure is not sufficient.

2. The justice had no jurisdiction from the inception of these proceedings, for the reason that there was no rent reserved, in the alleged contract or lease at will, and upon this the finding or record of the justice is conclusive.

3. Lapse of time will not correct the justice's record, it being void for want of jurisdiction.

The court dismissed the exceptions and affirmed the proceedings of the justice in an opinion, saying:

"That the justice had jurisdiction of the subject-matter and the parties cannot be doubted. It is claimed, however, that in this particular case, the record made by the justice shows no amount of rent reserved. This was known when the first writ of certiorari was taken, which was in time, with full knowledge of all the facts. Can the defendant, after having failed in his first writ of certiorari lay by till nearly a month after possession has been given under the alias writ of possession, and then issue his second writ of certiorari, on the ground that the omission of the justice to specify a rent reserved ousted his jurisdiction? If so, how often in the same case, and at what indefinite length of time may he avail himself of the privilege? The judgment here was not obtained by trick or fraud, and is not within the cases which decide that a party may issue his certiorari where more than twenty days have elapsed, provided he takes action within twenty days after the facts have come to his knowledge. Counsel for the defendant strenuously resisted the offer made by counsel for plaintiff to submit the written agreement to the court, for the reason that the record of the justice alone must govern, and the written contract recited by the justice was therefore withheld. Our impression is that the defendant has been guilty of such laches as gives him no right to now invoke the powers of the court. He refused to appeal in the proper time, and if he can succeed in his present effort, it will lead to a very

[Graver *v.* Fehr.]

troublesome line of practice which we are not willing to inaugurate, unless in obedience to the mandate of a superior power."

The action of the court was assigned for error by defendant who took this writ.

*W. D. Seltzer* and *Benjamin Cumming*, for plaintiff in error.— The Act of 14th of December 1863, Purd. Dig., p. 882, pl. 20, as amended by the act of 6th of March 1872, Purd. Dig., p. 883, pl. 23, is the same in its provisions as the Act of 21st of March 1772, Purd. Dig., p. 879, pl. 17, with the exception of the mode of procedure, consequently the decisions under the Act of 1772, apply to the Acts of 1863 and 1872.

The Act of 1772 makes it unlawful to commence proceedings when there is no rent reserved.

The Acts of 1863 and 1872, which give a summary remedy to a landlord, only apply to leases either written or parol, in which a certain rent is clearly and distinctly reserved, and not to cases where the rent reserved is so uncertain as to require the intervention of a jury to render it certain. So decides the case of McGee *v.* Fessler, 1 Barr 126, under the Act of 1772.

The justice can have no jurisdiction of that which the act says shall be unlawful, and having no jurisdiction, as appears from his record, lapse of time cannot give it to him nor correct the want of it.

Want of jurisdiction may be taken advantage of at any time, and at any stage of the proceedings: Stiles *v.* Jeffries, 8 Phila. 303.

The twenty days' limitation in regard to the writ of certiorari, does not apply where the record shows on its face that the justice had no jurisdiction: Offerman *v.* Downey, 2 Wh. Dig. 134, pl. 278; Lacock *v.* White, 7 Harris 498; 1 Leg. Reg. 6; Adams *v.* Dill, 29 Leg. Int. 126; Collins *v.* Collins, 1 Wright 387; Ingham *v.* Sickler *et ux.*, 1 Leg. Chron. 151.

*J. W. Roseberry* and *F. W. Bechtel*, for defendant in error.— No authorities can be produced to show that a party has an unlimited time to take his writ of certiorari. He has a *reasonable* time, and that has been determined by repeated decisions to be twenty days after notice of the proceedings: French *v.* Pennsylvania and New York Canal & Railroad Co., 1 Leg. Chron. 66; Offerman *v.* Downey, 2 Wh. Dig. 134; Lacock *v.* White, 7 Harris 498; Daily *v.* Bartholemew, 1 Ash. 135; Steadman *v.* Bradford, 3 Philada. Rep. 258; Brookfield *v.* Hill, 1 Philada. 107; Heft *v.* Hammill, Id. 1 Philada. Rep. 394; Shaeffer *v.* Smith, 2 Leg. Chron. 52; Harrison *v.* Williamson, 1 Luz. Leg. Reg. 89; Jones *v.* Delaware and Hudson Canal Co., 31 Leg. Int. 173.

In Snyder *v.* Carfrey, 4 P. F. Smith, 90, it was said that the Act of 1863 was designed to give landlords a remedy to dispossess

[Graver *v.* Fehr.]

tenants more convenient than the Act of 1772, and it should have the same liberal interpretation and administration as has been extended to the latter act.

Mr. Justice GORDON delivered the opinion of the court, May 7th 1879.

This was a proceeding, instituted by Morgan W. Fehr, the plaintiff below, before a justice of the peace, under the Landlord and Tenant Act of December 14th 1863 (Pamph. L. 1864, 1127), to recover from the defendant certain demised premises, situated in the borough of Tremont, Schuylkill county. The record of the justice, after describing the premises, sets out, that the plaintiff " did demise the said premises, during the will and pleasure of Morgan W. Fehr, to Charles Graver, trustee, for his wife, Melinda Graver, the tenant now in possession, and that the said Charles Graver, trustee, as aforesaid, entered into possession of said premises by virtue of said lease in writing, and held the same, and that the said term, for which the said premises were demised, is fully ended." There is also a statement of demand and notice, and the necessary allegation that the defendant had refused to deliver up possession. In all these proceedings, however, there is nothing by which the jurisdiction of the justice can even be inferred. The supplement to the Act of 1863, approved March 6th 1872 (Pamph. L. 22), prohibits a proceeding under this act, " unless such proceeding shall be founded on a written lease or contract in writing, or on a parol agreement in and by which the relation of landlord and tenant is established between the parties, and a *certain rent is therein reserved.*"

Now, not only does it not appear by the proceedings before the justice, that a certain rent was reserved, in the lease therein recited, but from the whole case, as we have it before us, it is manifest that there was no such rent. As, therefore, this summary proceeding, though convenient and necessary in proper cases, is in derogation of the common law, and as it is given only by statute, the necessary jurisdiction must appear affirmatively on the face of the record, or the proceeding is *coram non judice* and utterly void: McGee *v.* Fessler, 1 Barr 126. We have here, however, a case in the very teeth of the legislative prohibition; a lease at will without a reservation of rent of any kind, so that, so far as jurisdiction is concerned, it is affirmatively, by the proceedings themselves, put out of the question. Indeed, it does not seem to be seriously denied but that the justice, in taking cognisance of and giving judgment in the case, did that which the law gave him no right to do, but the defendant was turned out of court, on the ground that the certiorari, not having been sued out within twenty days from the rendition of the judgment, was too late. This was error; for, in the first place, even under the twenty-first section of the Act of

[Graver *v.* Fehr.]

1810, this limitation does not apply where it is apparent the justice has no jurisdiction : Lacock *v.* White, 7 Harris 495. And, in the second place, that act does not apply to the summary process for obtaining possession of leased property under the Landlord and Tenant Acts. This was so held by Judge King in Rubicum *v.* Williams, 1 Ash. 230, and we are inclined to think that, in this, his conclusion was correct. The Act of 1810, known as the "One Hundred Dollar Act," is a uniform, symmetrical code, designed to regulate the powers and jurisdiction of justices of the peace in the collection of "debts and demands," and the twenty-first section, being part and parcel thereof, extends to nothing beyond its provisions.

It is true the Act of 1863, as well as that of 1830, provides that "nothing therein contained shall prevent the issuing of a certiorari with the usual form and effect, but the usual form and effect of this writ is found rather in its general judicial character than in any description of it as found in the Act of 1810. Besides this, it has an effect in that act which it has not in the summary proceedings under consideration. When properly sued out, under the statute above named, it becomes a supersedeas to further proceedings, but such is not the case under the Landlord and Tenant Acts. This was so held, under the Act of 1772, in the cases of Grubb *v.* Fox, 6 Binn. 460, and Stewart *v.* Martin, 1 Yeates 49, and we can find nothing in the later acts which would alter this rule. We think, therefore, that the court below erred in the disposition of the defendant's writ.

> The judgment of the court below is reversed, and the judgment and proceedings before the justice of the peace are reversed and set aside.