# Wesley v. Sharpe, Appellant.

*Justice of the peace—Certiorari—Recognizance.*

The recognizance required to be filed in order to give a certiorari to a
justice of the peace the effect of a supersedeas must be taken either by
the judge of the court of common pleas or the prothonotary, or the justice
of the peace to whom the certiorari issues.

On a scire facias sur recognizance and certiorari, where an affidavit
of defense is filed, the court can only look to the writ and the affidavit,
and if it appears from these papers that the recognizance was not taken
before a judge of the common pleas, nor the prothonotary, nor the jus-
tice to whom the writ of certiorari issued, but before another justice of
the peace, a judgment for want of a sufficient affidavit of defense cannot
be entered.

Argued Jan. 14, 1902.  Appeal, No. 23, Jan. T., 1902, by
defendant, from order of C. P. Luzerne Co., March T., 1901,
No. 18, making absolute a rule for judgment for want of a suffi-
cient affidavit of defense, in case of G. F. Wesley v. William
H. Sharpe.  Before Rice, P. J., Beaver, Orlady, Smith,
W. W. Porter and W. D. Porter, JJ.  Reversed.

. Scire facias sur recognizance.  Before Halsey, J.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows :

That it is not true as stated in the said scire facias, that the said W. H. Sharpe on August 1, 1901, before          of the court of common pleas for Luzerne county, came in his proper person and agreeably to the act of assembly in said case made and provided, acknowledged to owe and be indebted to G. F. Wesley in the sum of $100 lawful money of Pennsylvania, which said sum for himself and his heirs he willed and granted to be made of his goods and chattels, lands and tenements, and levied to the use and behoof of the said plaintiff upon the condition that Lydia Sharpe shall prosecute her writ of certiorari with effect, and if she be cast therein she shall pay the costs and condemnation money that may be legally recovered against her, or in default thereof that W. H. Sharpe, bail, will do it for her ; the said defendant never having entered into any such agreement before any person connected with the court of common pleas of Luzerne county as officer or otherwise ; that the statement upon which the plaintiff founds his claim in this case is a writ of scire facias sur recognizance in certiorari issued upon a supposed recognizance entered into by the defendant, the said W. H. Sharpe, in connection with proceedings in certiorari in the common pleas of Luzerne county in No. 547, October term, 1900.

That defendant never entered into any recognizance whatsoever, nor became lawful bail for the said Lydia H. Sharpe in any action of said court of common pleas or elsewhere, whereby the said writ of certiorari would legally issue, or whereby he is legally indebted to the said G. F. Wesley, plaintiff above named.

That the records of this court show that the recognizance upon which the proceedings in certiorari mentioned in the said writ of scire facias were had, is as against the defendant void and of no effect, because it is not taken before an officer authorized by law to take recognizances in certiorari.

Deponent further avers that the action which was brought in the court of common pleas by certiorari was heard before James Crockett, Esq., justice of the peace of Ross township, wherein N. F. Wesley was plaintiff and Jesse Huffman, Joseph Huff-

602      WESLEY *v.* SHARPE, Appellant.

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

man, Greitten Huffman, Annie Widger, Malicia Branning and Lydia Sharpe were the defendants, and that the so-called recognizances upon which plaintiff in the present case brings suit by scire facias, was entered into before S. Powell, Esq., a justice of the peace of the borough of Nanticoke, who is not legally authorized to take such recognizance under any law in this commonwealth of Pennsylvania.

*Error assigned* was the order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense.

*John M. Garman*, with him *Samuel L. Fedder*, for appellant. —A recognizance is an obligation of record entered into before a court or officer duly authorized for that purpose with the condition to do some act required by law, which is therein specified : 2 Rawle's Bouvier's Law Dict. 847 ; 2 Blackstone, *342.

The record must be entered into before a court or officer duly authorized; therefore, where an instrument purporting to be a recognizance is entered into before an unauthorized officer, it is of no binding force whatever: Clink v. Russell, 58 Mich. 242 ; Powell v. State, 15 Ohio, 579 ; Com. v. Loveridge, 11 Mass. 337 ; Vose v. Deane, 7 Mass. 280; Com. v. Otis, 16 Mass. 198 ; Nice v. Bowman, 6 Watts, 28.

A writ of sci. fa. on a recognizance against bail should aver before whom it was taken, since, if it was not acknowledged before the proper person authorized to take the recognizance of bail, it cannot form the basis of a recovery : Noble v. People, 9 Ill. 433 ; Andress v. State, 3 Blackford (Ind.), 108 ; Bridge v. Ford, 4 Mass. 642 ; Barr v. Hall, 3 Watts, 298 ; Pier v. McKinney, 2 Watts, 104 ; Com. v. Hickey, 172 Pa. 42.

*Thomas F. Farrell*, with him *S. J. Strauss*, for appellee, cited: Erdman v. Hartman, 7 Pa. C. C. Rep. 609.

OPINION BY WILLIAM W. PORTER, J., March 14, 1902:

The act of March 20, 1810, provides that the affidavit required on the issuance of a certiorari to a justice, shall be made before a judge of the common pleas. The act of February 3, 1817, permits the affidavit to be made before the prothonotary. Neither act in terms designates the person by whom recognizance

shall be taken in order to give the certiorari the effect of a super-sedeas. The act of May 22, 1895, by its title is intended to provide for an additional manner of taking the recognizance and affidavit, "now by law to be taken in cases of certiorari from aldermen and justices of the peace." It provides in section 1, that it shall be lawful, where parties desire to take a writ of certiorari from the court of common pleas to a justice within the jurisdiction of said court, "to enter into the recognizance and make the affidavit, now required by law to be entered into and taken" before the justice before whom the case, in which the certiorari is taken, is pending. It further provides, that upon the filing of the recognizance and affidavit with the præcipe required by law, with the prothonotary of the common pleas, the writ of certiorari shall issue with the same force and effect as "though the recognizance had been entered into and affidavit made before such prothonotary." Section 2 provides, that nothing contained in the act shall prevent any person so desiring from entering into said recognizance and making said affidavit before the prothonotary, or other officer now empowered by law to take the same. It will be observed that this act of 1895 provides for the taking of both the affidavit and the recognizance. In this respect it differs from the acts of 1810 and of 1817.

The trend of the legislation referred to indicates that the court from which the certiorari issues, or its officer, and the court to which it goes, are to alone possess the authority to take the affidavit and the recognizance required. Primarily, the court out of which and the court to which process issues alone control matters incidental to it, and the effect which shall be given to it. This right in the former court, in respect to the affidavit on certiorari, was recognized in the act of 1810. The power to take the affidavit was extended, by the act of 1817, to the officer of the court. The power to make the writ effective to him who sued it out, by making it a supersedeas, was an incident to the power to issue the process. For the convenience of litigants the right to take the recognizance and affidavit was extended in terms, by the act of 1895, to the justice to whom the certiorari issued. Nowhere in the legislation is there evidence of intention to extend the right to take the recognizance and affidavit to any other judicial officer.

The court below took the view that the voluntary giving of a signed bond and its tacit acceptance by the parties to the litigation as a recognizance, estopped the defendant from denying the validity of his obligation. It is doubtless true, as was said in Allen v. Kellam, 94 Pa. 254, that a recognizance defective in form may derive validity from the consent, express or implied, of the parties to be affected by it. But this may not be said of a defect in substance. A recognizance is a debt of record entered into before some court, judge, or magistrate, having authority to take the same. Its entry of record and acceptance is a judicial or a quasi-judicial act, from which the force, the vitality, of the obligation is derived. As the affidavit and alleged recognizance in this case were taken neither by the judge of the court of the common pleas, or the prothonotary, nor the justice to whom the certiorari issued, it was not taken by one having authority, and is not enforceable as a recognizance.

The result of these views is that error was committed in entering the judgment in this case in the court below. The scire facias recites a recognizance apparently taken by some officer of the court of common pleas, not named. The affidavit denies the giving of such recognizance and sets up the facts upon which this discussion is predicated. Our scrutiny is limited to the writ and affidavit. From these it does not appear that any act was done by the prothonotary of the court to give the alleged recognizance validity within the provisions of the existing legislation.

The judgment is reversed and a procedendo is awarded.