## Ristau, to use, v. Crew Levick Company et al.

T. L. Hampson, for plaintiffs;  Earle V. MacDonald, for defendants.

ARIRD, P. J., June 13, 1931.—On April 22, 1931, the defendants, by their attorney, Earle V. MacDonald, filed a præcipe which reads as follows:

"Issue Writ of Certiorari in the above case to Clark E. Nelson, Esq., a Justice of the Peace in and for Warren Borough, County aforesaid, his No. 2044. Returnable sec. leg.

(Signed) "EARLE MACDONALD,
"Attorney for Defendants.

"To E. B. Whiting, Esq., Prothonotary.
"Warren, Pa., April 22nd, 1931."

On the same date the attorney for defendants moved the court to fix the amount of recognizance to be entered into by defendants. The court fixed the amount at $100. This order was also filed with the prothonotary April 22, 1931.

Also, on April 22, 1931, a bond was signed in the sum of $100, which was approved by D. U. Arird, P. J., on the same date.

On May 4, 1931, the record of the proceedings before the justice of the peace was filed with the prothonotary in the Court of Common Pleas of Warren County at the above number and term, to wit, No. 48, June Term, 1931.

On April 22, 1931, the usual affidavit of certiorari was made by W. W. Martin, secretary of the defendant company, a corporation formed under the laws of the Commonwealth of Pennsylvania, having its principal office and place of business in the City of Philadelphia. The affidavit was taken by a notary public and reads as follows:

"Sworn and subscribed before me this 20th day of April, A. D. 1931.

(Signed) "W. L. EVANS,

"Notary Public."

The seal shows as follows:

"W. L. Evans, Notary Public, Philadelphia, Pa."

On May 11, 1931, T. L. Hampson, attorney, of Warren, Pa., appeared specially for the plaintiff and presented the following, after giving the title of the case:

"Now, to wit, May 11, 1931, I hereby appear specially in the above entitled case for the plaintiff.

(Signed) "T. L. HAMPSON,

"Attorney for Plaintiff."

On May 11, 1931, H. J. Ristau presented a petition which reads as follows:

"H. J. Ristau being duly sworn according to law deposes and says that he is the plaintiff in the above entitled case and that he is advised and believes that the certiorari issued in the above entitled case is irregular, not according to law, and is void for the following reasons:

"1. The certiorari was not issued until more than ten days after entry of judgment by the justice of the peace.

"2. The affidavit filed in said case is not according to law and is insufficient to support the writ issued therein.

"Wherefore plaintiff prays the writ issued in said case may be quashed.

"H. J. RISTAU."

On this petition we find the following order:

"May 11, 1931, rule to show cause granted, answer to be filed within ten days."

In cases of this character, as there is some doubt relating to the time in which a certiorari can issue, and as we would dispose of the case for the second reason filed, we think it not necessary to pass upon the first reason relating to quashing this writ of certiorari.

The second reason, in our opinion, clearly shows substantial error, for the reason that we find a decision in Wesley v. Sharpe, 19 Pa. Superior Ct. 600, written by his honor William W. Porter. The first paragraph of the syllabus reads as follows:

"The recognizance required to be filed in order to give a certiorari to a justice of the peace the effect of a supersedeas must be taken either by the judge of court of common pleas, or the prothontary, or the justice of the peace to whom the certiorari issues."

Now this action was brought by H. J. Ristau, to use, plaintiff, v. Crew Levick Company et al., defendants, before Clark E. Nelson, a justice of the peace, at Warren, Warren County, Pa. On April 22, 1931, an affidavit for certiorari was made by W. W. Martin, secretary of the defendant company, a corporation formed under the laws of the Commonwealth of Pennsylvania, having its principal office and place of business in the City of Philadelphia, Pa.

The affidavit, which was taken by a notary public, reads as follows:

"Sworn and subscribed before me this 20th day of April A. D. 1931."

(Signed) "W. L. EVANS,

"Notary Public."

The seal shows as follows:

"W. L. Evans, Notary Public, Philadelphia, Pa."

Our attention was called to Tiers et al. v. Karpeles, 18 Dist. R. 593. Moschzisker, J., on July 9, 1909, wrote the opinion, in which he said:

"There are two rules in this case, one to amend the record of the justice of the peace by filing the affidavit required by law to support a certiorari, nunc pro tunc, and the other to quash the certiorari."

His honor further states:

"The Act of March 20, 1810, Sec. 21, 5 Sm. Laws 161, provides: 'No judge of any court within this Commonwealth shall allow any writ of certiorari to remove the proceedings had in any trial before a justice of the peace until the party applying for such writ shall declare, on oath or affirmation before such judge, that it is not for the purpose of delay,' etc. By the Act of February 3, 1817, Sec. 1, 6 Sm. Laws 398, the prothonotary of the court of common pleas is likewise authorized to administer this oath.

"The affidavit in this case was not in accordance with the act, in that it was not sworn to before a judge or a prothonotary."

His honor, in closing, then said:

"It will be noticed that the words of the Act of 1810 which regulates the practice in cases of certiorari, are almost identical with the Act of 1903, regulating the practice in cases of appeal.

"The rule to amend the record is discharged; the rule to strike off the certiorari is made absolute."

In the same book, Tiers et al. v. Karpeles, 18 Dist. R. 855, a new question was raised. These are the same parties and, in fact, the same case as was formerly passed upon by Moschzisker, J., but a new question was raised, i. e., could a certiorari issue more than twenty days after judgment according to the Act of March 20, 1810. His honor in no way reverses his former decision relating to the person, or persons, before whom the affidavit should be made. Consequently, unless there is subsequent legislation, the act relating to making an affidavit in order to have a certiorari issue remains the same. Both the two former cases cited related to the question of certiorari.

We also have the decision found in Wesley v. Sharpe, 19 Pa. Superior Ct. 600, where his honor William W. Porter, in writing the opinion of our Superior Court, at page 604, said:

"A recognizance is a debt of record, entered into before some court, judge or magistrate, having authority to take the same. Its entry of record and acceptance is a judicial or a quasi-judicial act, from which the force, the vitality, of the obligation is derived. As the affidavit and alleged recognizance in this case were taken neither by the judge of the court of common pleas or the prothonotary, nor the justice to whom the certiorari issued, it was not taken by one having authority and is not enforceable as a recognizance."

On June 1, 1931, defendants, by their attorney, Earle V. MacDonald, filed a petition, setting forth among other facts that the Crew Levick Company is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal office in the City of Philadelphia. It sets forth further:

1. There was no legal service of process upon the Crew Levick Company.

2. That the writ of certiorari as and when issued was issued for the reason that the proceedings before the justice of the peace were erroneous and void.

This paper was filed in open court and a rule to show cause granted, but there is no prayer in the petition. From the reading of the petition we infer he is raising the question of the jurisdiction of the court. As there is no prayer in the petition and simply alleged facts set forth, all the court can do under the circumstances of this case is to discharge the rule to show cause.

At the argument of this case, the question was raised as to preparing and filing an affidavit nunc pro tunc. In Tiers et al. *v.* Karpeles, supra; the principal question was as follows:

In this case the affidavit upon which the certiorari to the judgment of the magistrate had been allowed was made before a notary public. The other related to affidavit required by law to support a certiorari nunc pro tunc. Justice Moschzisker to a certain extent discussed the question as to whether or not the court had jurisdiction to allow an affidavit to be filed nunc pro tunc where the requirements of the statute had not been complied with. His honor cited Neely *v.* Fell, 14 Dist. R. 686, where the lower court held:

"The court is without jurisdiction to allow the affidavit to be filed nunc pro tunc where the requirements of the statute have not been complied with."

This was a case of appeal and the appeal was stricken off. Now the wording of the acts of assembly relating to taking an appeal from the justice of the peace are, to say the least, very similar to the acts of assembly relating to issuing a writ of certiorari. In the instant case, as the certiorari was not issued as provided by the act of assembly in such case made and provided, the proceedings will necessarily be quashed, as, in our opinion, there was no question before the court upon which to pass relating to the jurisdiction of the justice of the peace. By the decision of the court in quashing the writ of certiorari owing to the irregularity in the proceedings wherein certiorari was issued, the court, of course, discharged the entire proceedings. Ergo, there was nothing further for the court to act upon.

We now sustain the second reason filed by plaintiff relating to quashing the certiorari, and the prayer of the petitioner is granted and the writ of certiorari quashed. From Joseph H. Goldstein, Warren, Pa.