## Koontz v. Baker

*Bulleit & Bulleit,* for plaintiff.
*John P. Butt,* for defendant.

SHEELY, P. J., June 19, 1943.—Plaintiff has moved to quash the writ of certiorari issued in the above case because of the failure of defendant to file a recognizance. The proceeding to be certified to the court was a landlord and tenant case under the Act of December 14, 1863, P. L. (1864) 1125, 68 PS §364. That act, in addition to providing for an appeal from the judgment of the justice of the peace, also provides that the tenant may have a writ of certiorari to remove the proceedings of the justice "as in other cases". In Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357, 364 (1933), it was suggested that "as in other cases" has reference

to the Act of March 20, 1810, P. L. 208, 42 PS §951. But in Graver v. Fehr, 89 Pa. 460, 464 (1879), it was held that the Act of 1810 does not apply to landlord and tenant cases. In that case it was said:

"It is true the Act of 1863, as well as that of 1830, provides that nothing therein contained shall prevent the issuing of a certiorari with the usual form and effect, but the usual form and effect of this writ is found rather in its general judicial character than in any description of it as found in the Act of 1810".

There is no statute which specifically requires the filing of a recognizance as a condition to the issuing of a writ of certiorari in landlord and tenant cases or, in fact, in any civil action. The Act of 1810 provided generally for writs of certiorari in civil actions and required that an affidavit be taken before the judge that the writ was not for the purpose of delay. The Act of February 3, 1817, P. L. 31, 42 PS §952, authorized the prothonotary to administer the required oath with the same effect as if administered by a judge. The Act of March 27, 1833, P. L. 99, 42 PS §915, provided that in an appeal or a certiorari the party, or his agent or attorney, might make and enter into the required affidavit and recognizance. The Act of April 26, 1855, P. L. 304, 40 PS §955, provided that no special allowance of the writ should be required: see McGinnis v. Vernon, 67 Pa. 149 (1870). This was followed by the Act of March 24, 1865, P. L. 750, 42 PS §956, which applied only to the City of Philadelphia, and provided that the writ of certiorari should be a supersedeas, provided it be issued within a certain time, etc., and that the party applying for it should give security for the payment of all costs, etc.

The next statute was the Act of May 22, 1895, P. L. 100, 42 PS §953, which provided that it should be lawful for parties desiring to take a writ of certiorari ". . . to enter into the recognizance and make the affidavit, now required by law to be entered into and taken,

before the justice or alderman before whom the case in which said certiorari is taken is pending . . ." This act was intended "to provide for an additional manner of taking the recognizance and affidavit", but was not intended to impose a condition that a recognizance be required in cases where it had not formerly been required. In Clark v. McCormack, 2 Phila. 68, Judge Allison held that a writ of certiorari is a writ of error in all but its form, and that a writ of error is a writ of right, but does not act as a supersedeas unless bail is given. Generally, a writ of certiorari has the effect of a supersedeas by implication because it takes the record out of the custody of the lower court and leaves nothing there to be enforced by execution: Ewing v. Thompson, 43 Pa. 372, 378 (1862). But it has been held that it does not have this effect in landlord and tenant cases. In Stewart v. Martin, 1 Yeates 49 (1791), the court said, in speaking of landlord and tenant cases: ". . . we have adopted the rule, that a *certiorari* is no *supersedeas*, founded in principles of general convenience" and in Grubb v. Fox, 6 Binn. 460 (1814), the court said (p. 461) :

"The usual effect of a *certiorari*, is to stay the proceedings of the inferior jurisdiction; such likewise is the usual effect of a writ of error. But it has been settled, that in cases between landlord and tenant, the *certiorari* shall not stay proceedings, the act of assembly intending to give landlords a speedy remedy". See also Graver v. Fehr, supra.

The practice of requiring a recognizance in order to give the certiorari in landlord and tenant cases the effect of a supersedeas seems to have evolved from practice and from common law rather than from statute. In Wesley v. Sharpe, 19 Pa. Superior Ct. 600, 603 (1902), Judge Porter said: "The power to make the writ effective to him who sued it out, by making it a supersedeas, was an incident to the power to issue the process." He there seems to assume that the practice

is under the Act of 1810, and states that neither the Act of 1810 nor the Act of 1817 designates the person by whom recognizance shall be taken in order to give the certiorari the effect of a supersedeas.

In nearly all of the lower court cases it has been held that security is not necessary to sustain a writ, even in ordinary civil cases, but that the writ does not operate as a supersedeas unless bail be given: Thomas v. Glasgow, 2 Dist. R. 711, 13 Pa. C. C. 167 (1892) ; Leibner v. Rupert, 10 Kulp 24 (1900) ; Sechrist v. York Railways Co., 30 York L. R. 170 (1917) ; MacKintosh et al. v. Rishell, 16 Dist. R. 651 (1906) ; Shertzer v. Gonder & Son, 7 Luz. L. R. 192 (1878) ; Clark v. McCormack, supra; Lark v. Snyder, 30 Dist. R. 730 (1920) ; Conklin v. Conklin, 36 Pa. C. C. 126 (1909) ; Meany & Co. v. Cannon, 11 Dist. R. 25 (1901) ; Zeller v. Boll, 26 York 106 (1912).

Plaintiff has cited Van Horn et al. v. Conway, 32 Luz. 99 (1937), decided by Judge Coughlin of Luzerne County, in which it is stated (p. 100) :

"The Act of 1863 provides for *certiorari* as in other cases, and it has always been the practice, in conformity with that statute, to file an affidavit and bond as in other instances of *certiorari*."

No authorities are cited in support of this conclusion, and we must respectfully disagree with it except as applied to those cases in which the certiorari is to act as a supersedeas. Plaintiff also relies upon Dorsey v. Wasson, 25 Pa. C. C. 511, 512 (1901), decided by President Judge Livingston of Lancaster County, in which the court quashed the writ because the affidavit was not taken before the proper person, and then added for the "further reason that no recognizance was filed by defendant in the above-stated certiorari, as is required by the act of general assembly before such writ should be issued . . ." No authority is cited in the opinion for that conclusion, and the learned judge made no refer-

ence to his own prior decision in Shertzer v. Gonder & Son, supra, where, on the basis of authorities cited, he arrived at the opposite conclusion: See MacKintosh et.al. v. Rishell, supra.

There being no statutory requirement of a recognizance before a writ of certiorari issues, and the writ of certiorari in landlord and tenant cases not having the usual effect of staying the proceedings (Graver v. Fehr, supra), we conclude that no recognizance is required to sustain the writ, but that a recognizance is necessary if it is desired that the writ act as a supersedeas.

Plaintiff also relies upon the case of Frecon v. Mumper, 27 D. & C. 511 (1936), decided by this court. That case is not in point as it dealt with the requirements of an appeal which are essentially different, and properly so, since the appeal would give the appellant an opportunity and a right to retry the facts of the case, while a certiorari merely enables him to point out errors in the record of the inferior court: Ewing v. Thompson, supra.

And now, June 19, 1943, plaintiff's motion to quash the writ of certiorari is overruled.