## Neyman v. McCracken

*John V. Wherry* and *Hiram M. Drake,* for appellant.

*M. L. McBride,* for appellee.

ROWLEY, P. J., June 21, 1946.—This matter originated in a proceeding before a justice of the peace to regain possession from tenant, under the Landlord and Tenant Act of December 14, 1863, P. L. 1125 (1864), 68 PS §364, as amended by the Act of March 31, 1905, P. L. 87, 68 PS §366.

The Act of 1863 governs a proceeding where the premises were leased or demised for a term of one or more years, or at will.

The Act of 1905 regulates the procedure where the term is less than a year, or by the month, or for an indeterminate time, whether the tenant holds possession by license or by lease.

The matter came before the court upon a motion by counsel for defendant tenant. The motion recited that a certiorari had been regularly issued to the justice, and requested the court "to grant a supersedeas".

The court granted a rule upon the motion. (Thus far the procedure was a bit novel.) Plaintiff filed an answer to the rule, averring in substance that the certiorari to the justice of the peace had not been regularly issued, and, further, that "there is no supersedeas from a judgment rendered by a justice of the peace in a landlord and tenant proceeding".

We shall limit our consideration to the two questions argued:

1. Does a certiorari to a justice of the peace in a landlord and tenant proceeding operate as a supersedeas?

2. May the affidavit and recognizance for a certiorari to a justice of the peace be taken before a notary public?

The first question is not free from difficulty.

A certiorari requires the inferior court to transmit the record to the superior court. After a certiorari from common pleas has been served upon a justice of the peace there can be no further action by him upon the record because the record has been removed (Ewing v. Thompson, 43 Pa. 372; Commonwealth ex rel. v. Kistler et al., 149 Pa. 345), nevertheless courts continue to declare that certiorari is not a supersedeas in landlord and tenant proceedings. There are two reasons for this conclusion. It will be found that all such declarations cite as authority Stewart v. Martin, 1 Yeates 49, decided in 1791, and Grubb v. Fox, 6 Binney 460, decided in 1814. The declarations which rest upon these cases fail to take into account that these early cases were decided under the Act of March 21, 1772, 1 Sm. L. 370, 68 PS §361. The Act of 1772 provides a procedure for dispossessing a tenant by complaint to two justices of the peace and a hearing before 12 jurors summoned by the sheriff at the direction of the justices.

The Act of 1772 specifically declared that the judgment entered by the justice should be "final and conclusive" on the parties.

The further reason given for the principle that certiorari is not a supersedeas in a landlord and tenant proceeding is the peculiar character of the proceedings under the Act of 1772. The procedure therein provided

was a substantial departure from the law as it had existed theretofore.

The Act of 1772 supplied the landlord with a remedy that was a substitute for ejectment. The delay incident to ejectment, and the earlier requirement that plaintiff obtain two verdicts in his favor, created a situation which the legislature regarded as intolerable. The Act of 1772 does not in express terms allow a certiorari but the courts have held that a certiorari issues as a matter of right; however the decisions are that the certiorari does not operate as a supersedeas.

The Act of 1863, under which the instant proceeding was begun, allows an appeal which is expressly declared not to be a supersedeas, but this act (differing from the Act of 1772) expressly provides: "That the tenant may have a writ of certiorari, to remove the proceedings of the justice, as in other cases": DeCoursey v. The Guarantee Trust etc. Co., 81 Pa. 217, 230.

The Act of 1772 was followed by the Act of March 25, 1825, P. L. 114, providing for the case of tenants who shall remove without leaving sufficient property on the premises to secure at least three months' rent, and who shall refuse to deliver up possession. This act contains no provision for a certiorari.

The Act of April 3, 1830, P. L. 187, provides for obtaining possession for nonpayment of rent. This act contains the provision "that nothing herein contained shall prevent the issuing of a certiorari with the usual force and effect".

Then followed the Act of December 14, 1863, P. L. 1125 (1864), which allows a certiorari to "remove the proceedings of the justices as in other cases".

Normally, a certiorari operates as a supersedeas. Allowance of a certiorari to remove the proceedings, "as in other cases", would seem to imply that such certiorari would be a supersedeas.

However, this inference is somewhat weakened by the fact that the legislature passed the Act of March 24, 1865, P. L. 750, which expressly made the certiorari a supersedeas in every proceeding or suit brought in the City of Philadelphia by a landlord to recover the possession of property leased for a term of years.

This statute, P. L. 750 (1865), requires the tenant (in Philadelphia) to give security for the rent accrued and to accrue up to the final determination of the certiorari.

In DeCoursey v. The Guarantee Trust etc. Co., 81 Pa. 217, supra, it was held that the Act of 1865 applied to proceedings under the Act of 1863. If the legislature intended the certiorari in a proceeding under the Act of 1863 to be a supersedeas, there was no necessity for the Act of 1865. Furthermore, a certiorari in a proceeding operated as a supersedeas only if the proceeding was brought in the City of Philadelphia. The implication is that in a proceeding elsewhere there is not a supersedeas.

The only statutes upon which the Act of 1865 could operate were the Act of 1830 and the Act of 1863, supra.

". . . both these acts are in derogation of the common-law right of trial by jury, the legislature deemed it essential to place the question at rest whether the writ of certiorari which had been theretofore allowed by said acts should operate as a supersedeas. This we regard as the proper construction of the Act of 1865": DeCoursey v. The Guarantee Trust etc. Co., supra, p. 232.

Haines v. Levin, 51 Pa. 412, seems to imply that a certiorari is not a supersedeas in a proceeding under the Act of 1863. In that case a certiorari was filed to remove the proceeding to common pleas where the judgment of the alderman was affirmed. The tenant

first took a writ of error to remove the common pleas judgment to the Supreme Court. Thereafter, common pleas awarded a writ of possession. The tenant then obtained a certiorari from the Supreme Court.

Although the tenant had challenged the judgment of the alderman by *certiorari*, the Supreme Court points out that the Act of 1863 provides for an *appeal* which conserves the rights of the tenant, notwithstanding that the appeal to common pleas is declared to be not a supersedeas. We do not find similar protection for the tenant where he files a certiorari to remove the proceedings from the alderman. If the tenant, who has been dispossessed by an alderman, prevails in his *appeal* to common pleas, the jury is directed to assess his damages sustained by removal from the premises. If the certiorari does not operate as supersedeas to prohibit the alderman from issuing a writ of possession, the question arises as to the remedy of a dispossessed tenant who upon certiorari prevails in common pleas.

In Haines v. Levin the court held that a certiorari from the Supreme Court to common pleas in a proceeding under the Act of 1863 operated as a supersedeas. In discussion of the point (p. 417) the court pointed out that the certiorari from the Supreme Court was regulated by the Act of 1836:

"Had the recognizance been taken in the terms of the Act of 1836, her writ of error would clearly be a supersedeas to the writ of possession. . . . It is not governed by the Act of 1863, which applies only to the appeal and the certiorari in the Common Pleas."

The implication seems to be that a certiorari, in a proceeding under the Act of 1863, does not operate as a supersedeas; however this case can scarcely be considered an authority on the point.

Appellee cites Graver v. Fehr, 89 Pa. 460, as the leading authority for the principle that a certiorari

is not a supersedeas under the Act of 1863. It must be noted that that opinion rests upon Grubb v. Fox and Stewart v. Martin, supra, both of which involved the Act of 1772, not the Act of 1863.

Graver v. Fehr decided that the effect of the certiorari provided for in the Act of 1863 would be found "in its general judicial character" (not in the description found in the Act of 1810).

". . . the certiorari takes the record out of the custody of the inferior court and leaves nothing there to be prosecuted or enforced by execution. The certiorari is not itself a supersedeas, but it operates as one by implication, except where the legislature has made a different rule": 9 Standard Pa. Practice, p. 184; Gilbert v. Lebanon Valley Street R. R., 303 Pa. 213; Harwood v. Bruhn et ux., 313 Pa. 337.

The "general judicial character" of a certiorari is thus described in Harwood v. Bruhn et ux., 313 Pa. 337, 341:

" 'At common law a court of first instance is without jurisdiction to proceed with a cause after the record thereof has been removed to an appellate court. This rule still applies in the absence of a statute providing otherwise.' Here, there is no such statute. So, also, we said in Ewing v. Thompson, 43 Pa. 372, 376: 'The effect of that writ (certiorari) was to stay further proceedings in the court below, and to remove the record of the case into this court. That such is the effect of a certiorari, except in cases where the legislature has made a different rule (which here it has not), is the doctrine of all our cases. It is not itself a writ of supersedeas, but it operates as one by implication. Originally in fact, and now always in theory, at least, it takes the record out of the custody of the inferior court, and leaves nothing there to be prosecuted or enforced by execution. Very many of the English as well as the American authorities · are collected in

Patchin v. The Mayor, etc., of Brooklyn, 13 Wend. 664 (N. Y.). There are many others, all holding a common law writ of certiorari, whether issued before or after judgment, to be, in effect, a supersedeas. There are none to the contrary. In some of them it is ruled that, action by the inferior court, after the service of the writ, is erroneous; in others it is said to be void, and punishable as a contempt. They all, however, assert no more than that the power of the tribunal to which the writ is directed is suspended by it; that the judicial proceeding can progress no further in the lower court.' It is also so held in Com. ex rel. v. Kistler, 149 Pa. 345, and in First Nat. Bank v. Fair, 72 Pa. Superior Ct. 457, 460, and it is still the law."

Article V, sec. 10, of the Constitution of Pennsylvania empowers courts of common pleas to issue writs of certiorari to justices of the peace and other inferior courts not of record. We assume that the certiorari contemplated is the common-law writ. The legislature has authority to prescribe the manner of obtaining the writ from common pleas.

Where a new jurisdiction is created by statute and the court or judge exercising it proceeds in a summary method or in a new course different from common law, a certiorari lies, except where it is expressly forbidden by the statute. Even though the right of *appeal* is specifically denied, if the question of jurisdiction of the subject matter arises, it is within the right of review on certiorari.

(Of course, upon certiorari the appellate court can only review the regularity of the proceeding under the statute. Its only duty is to see whether the procedure of the court below has been according to the act of assembly under which it acts. In the consideration of this question the appellate court is confined to the record: Vandermis v. Gilbert, 10 Pa. Superior Ct. 570).

Where the proceeding in the inferior court is purely statutory, the statute may forbid certiorari, otherwise

the writ is allowable: Vandermis v. Gilbert. Likewise the statute may provide that the certiorari shall not operate as a supersedeas. But where, as here, the statute (Act of 1863) expressly allows a certiorari "as in other cases" or (Act of 1830) allows it "with the usual form and effect", it is a bit anomalous to hold that a writ of certiorari so issued does not operate as a supersedeas.

Graver v. Fehr decided that a certiorari in a proceeding under the Act of 1863 was not limited by the restrictions imposed upon a certiorari by the Act of 1810, and to that extent recognized the former as the more expansive writ, nevertheless, that case concluded, apparently on the authority of Grubb v. Fox and Stewart v. Martin, that a certiorari under the Act of 1863 does not become a supersedeas to further proceedings "under the Landlord and Tenant Acts". The Supreme Court there declared it was so decided under the Act of 1772 "and we can find nothing in the later Acts which would alter this rule". This observation seemingly fails to consider that the Act of 1772 prescribes that the hearing before the justice shall be "final and conclusive", and that a certiorari is not allowed by that statute, whereas the Act of 1863 expressly allows a certiorari "as in other cases".

The decision in Graver v. Fehr seems to be questioned in Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357, 364. This circumstance detracts to some extent from the authority of Graver v. Fehr; nevertheless, we have not found an appellate case other than Graver v. Fehr which squarely rules the point here involved, namely, whether a certiorari from common pleas operated as a supersedeas in a proceeding between landlord and tenant under the Act of 1863, consequently we are constrained to adopt the principle declared in that case.

It may be of interest that in White et al. v. Long et al., 289 Pa. 525, the Supreme Court sustained an

injunction to prevent ouster of the tenant in a proceeding under the Act of 1863, until his appeal had been heard in common pleas.

We have not undertaken herein to dispose of the exceptions filed by appellant, nor of the objections urged by appellee against the affidavit and recognizance accompanying the certiorari for the reason that these have not been regularly submitted; nevertheless we take this occasion to state that the transcript filed is virtually illegible.

We also direct attention of counsel to the affidavit and bail entered upon the transcript, in addition to the affidavit and recognizance in the præcipe.

### Order

And now, June 21, 1946, it is ordered that the rule to show cause why the certiorari should not operate as a supersedeas be discharged.