## Browell v. Capital Engineering Corporation

*Albert Foster*, for plaintiff.

*Merrill W. Kerlin*, for defendant.

SHEELY, P. J., August 19, 1952.—This matter is before the court on a motion to quash a writ of certiorari to a justice of the peace. Plaintiff secured a judgment against defendant before a justice of the peace on January 23, 1952, and the writ of certiorari was issued on February 12, 1952. On May 19, 1952, defendant filed exceptions to the transcript of the justice of the peace, alleging that the summons was not properly served upon defendant; the return to the summons fails to show where service was made; the transcript does not show that any testimony was taken and does not show that the original summons was produced to defendant or that he was informed of the contents. Plaintiff has moved to quash the certiorari on the ground that the affidavit thereto was executed before a justice of the peace of York County and not before the justice who gave judgment or before the prothonotary or the judge of this court.

The authorities seem to be unanimous in holding that the affidavit to a certiorari can be taken only before the judge or the prothonotary of the court out of which the writ is issued or before the justice of the peace to whom it is issued, and that an affidavit taken before another officer is insufficient to support the writ. In Wesley v. Sharpe, 19 Pa. Superior Ct. 600 (1902), the court considered the validity of a recognizance taken on a certiorari and, after reviewing the relevant statutes, said:

"The trend of the legislation referred to indicates that the court from which the certiorari issues, or its officer, and the court to which it goes, are to alone possess the authority to take the affidavit and the recognizance required. Primarily, the court out of which and the court to which process issues alone control

matters incidental to it, and the effect which shall be given to it. This right in the former court, in respect to the affidavit on certiorari, was recognized in the act of 1810. The power to take the affidavit was extended, by the act of 1817, to the officer of the court. The power to make the writ effective to him who sued it out, by making it a supersedeas, was an incident to the power to issue the process. For the convenience of litigants the right to take the recognizance and affidavit was extended in terms, by the act of 1895, to the justice to whom the certiorari issued. Nowhere in the legislation is there evidence of intention to extend the right to take the recognizance and affidavit to any other judicial officer."

This case involved only the validity of a recognizance and the statements concerning the affidavit are dicta, but the announced rule has been followed in a number of cases. See Tiers et al. v. Karpeles, 18 Dist. R. 593 (1909), von Moschzisker, J.; Cameroni et al. v. Andrewsh et ux., 56 D. & C. 109 (1945), Eagen, J.

If there were nothing more in the case the writ of certiorari would have to be quashed although we frankly can see no reason why the affidavit should have to be taken before certain designated officers and no others. That, however, is a matter for the legislature. But, defendant has filed a petition for leave to file a proper affidavit nunc pro tunc. In Tiers et al. v. Karpeles, 18 Dist. R. 593 (1909), supra, Judge von Moschzisker held that the court was without authority to permit a certiorari to be perfected by the substitution of a proper affidavit, relying upon Neely v. Fell, 14 Dist. R. 686, where the court held that an appeal could not be perfected by filing an affidavit nunc pro tunc and stated that: " 'The very object of the Act of 1903 (the language of which is almost identical with the Act of 1810) was to change the practice and to require such affidavit to be made in writing before the

justice who tried the case, . . . in order to take away from the courts the power to allow these defective appeals to be perfected *nunc pro tunc* by the application of equitable principles'."

To the same effect, see Carson v. Adamson et al., 29 D. & C. 213, 214 (1936); Ristau v. Crew Levick Company et al., 17 D. & C. 151 (1931).

The opinion in Tiers et al. v. Karpeles, supra, was filed on July 9, 1909, and on September 22, 1909, defendant caused another certiorari to be issued in proper form. Plaintiff moved to quash that certiorari on the ground that the judgment was entered on November 18, 1908, and more than 20 days had elapsed. Defendant's complaint in that case, as in the present case, was that defendant was never legally summoned before the magistrate. The Act of March 20, 1810, sec. 21, 5 Sm. L. 161, 42 PS §951, provides "that no judgment shall be set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered, and served within five days thereafter." The court relied on Graver v. Fehr, 89 Pa. 460, where the justice had no jurisdiction of the subject matter and the court, in the course of its opinion, said:

"The defendant was turned out of court on the ground that the certiorari, not having been sued out within twenty days from the rendition of the judgment, was too late. This was error; for, in the first place, even under the twenty-first section of the Act of 1810, this limitation does not apply where it is apparent the justice has no jurisdiction: Lacock v. White, 7 Harris 495." ·

In the last cited case, Mr. Chief Justice Black stated, as dictum:

"But a judgment may be given against a party without service of a summons, and without notice of any kind until the time of appeal is past. Certainly

this is a great injury, and if there be no remedy but to open the judgment, it would be hard to deny that. There is a remedy, however. Such a judgment would be reversed on certiorari. The twenty days' limitation does not apply to cases in which the justice has no jurisdiction, either of the parties or the subject-matter, and he has no jurisdiction of the former when they are not legally summoned."

To the same effect is Laska v. Zelazowski, 134 Pa. Superior Ct. 311, 314 (1938).

Defendant contends that since the 20-day limitation does not apply where a question of jurisdiction is involved he should be permitted to perfect his certiorari nunc pro tunc where a question of jurisdiction is raised. The difference between the two rules is that the statute prescribes that no judge shall allow a writ of certiorari until the affidavit in proper form is filed thereby prescribing the method of acquiring jurisdiction of the subject matter. In Harris v. Mercur (No. 1), 202 Pa. 313, Mr. Justice Mestrezat said:

" 'In all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void.' "

The 20-day limitation does not affect the right of the court to issue the writ of certiorari and thus to obtain jurisdiction of the subject matter; it is an attempted limitation upon the power of the court to set aside judgment of the justice of the peace. But if a justice of the peace does not have jurisdiction, either of the subject matter or of the parties, his judgment is a nullity and the statutory limitation cannot be applied so as to make the judgment valid.

The record of the justice of the peace in this case shows that he was without jurisdiction of the parties.

We would prefer to allow the proper affidavit to be filed nunc pro tunc but we conclude that we have no authority to do so. Defendant's remedy is to issue a new writ of certiorari.

And now, August 19, 1952, the motion to quash the writ of certiorari is granted. The writ is quashed at the cost of defendant with leave to defendant to issue a new writ in proper form.