## Dyarman v. Dyarman

*McCrea & McCrea*, for plaintiff.

*William R. Mark*, for defendant.

JACOBS, J., July 27, 1956.—On April 1, 1955, above plaintiff rented a farm in Southampton Township, Cumberland County, to defendant for a term of one year. Plaintiff later sold the farm to use-plaintiffs,

and on December 30, 1955, notified defendant to remove from the premises at the expiration of his term. This notice was given by registered mail. Defendant did not move at the end of the term, and on May 3, 1956, plaintiff filed a complaint for the recovery of possession before Ann R. Pyle, justice of the peace, in West Pennsboro Township, Cumberland County. Such complaint was filed in accordance with the provisions of The Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.101 et seq., and on May 10, 1956, the justice of the peace gave judgment of possession and costs in favor of plaintiff. On May 25, 1956, a certiorari was issued, and on the same date this court made the same a supersedeas upon the posting of a bond.

The sole question presented by the argument in this case is whether or not notice given to a tenant to quit by registered mail is such notice as is required to give a landlord the right to invoke the summary provisions of The Landlord and Tenant Act of 1951 for the recovery of possession. Although there is an apparent failure to comply with the rules of this court in regard to certiorari, it is apparent from the action of the attorney for plaintiff in placing this case on the argument list and appearing and arguing, that he desires to have the above question decided by this court on the record as it is.

At common law possession was always gotten by action of ejectment. The Landlord and Tenant Act of 1951 and all the similar statutes which preceded it, such as the Act of December 14, 1863, P. L. (1864) 1125, and the Act of March 31, 1905, P. L. 87, are statutes permitting a summary proceeding to get possession and are, therefore, in derogation of the common law and must be strictly construed.

In Graver v. Fehr, 89 Pa. 460, the Supreme Court in speaking of the Landlord and Tenant Act of 1863,

cited above, states as follows: ". . . this summary proceeding, though convenient and necessary in proper cases, is in derogation of the common law, and as it is given only by statute, the necessary jurisdiction must appear affirmatively on the face of the record, or the proceeding is coram non judice and utterly void." The above cited Act of 1905 has been similarly construed. See Jordan v. Maccarelli, 19 Lack, Jur. 175.

Any landlord desiring possession of his real estate at the end of the tenant's term must give the notice required by the act in order to invoke its provisions. Article V, sec. 501, of the act, 68 PS §250.501, being the article covering recovery of possession, contains the following provision: "The notice provided for in this section may be served personally on the tenant, or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises." This provision must be construed strictly, and notice must be given in one of the three ways outlined by the act. There is no provision allowing notice to be given by registered mail, and we must hold that such notice is not a compliance with the act.

In Jankowski v. Orloske, 84 D. & C. 522 (Lackawanna County), a landlord filed a complaint for possession before an alderman under the provisions of The Landlord and Tenant Act of 1951. One of the notices on which the landlord relied was sent to defendant by registered mail. In discussing this notice the court found that it did not contain the proper wording of a notice to quit, and then stated as follows: "Further, it was not served upon defendant as required by section 501." This court is in accord with that statement.

And now, July 27, 1956, the judgment of the court below is reversed.