## Miller v. Gianello

*Brenlove, Fisher, Stein & Winters*, for plaintiff.

ALPERN, J., November 9, 1956.—A motion to quash a writ of certiorari is before the court en banc.

Alderman Frank Mazzei entered judgment against Don Miller on April 5, 1956. The judgment was for $184.25 and costs. Sam Gianello and Vincent Gianello had brought suit against Miller for damage done to an automobile owned by Sam Gianello and driven by Vincent Gianello. The date of the summons was March 27, 1956, and the date of the hearing was nine days later, April 5, 1956.

Plaintiff in error, Miller, filed a præcipe for a writ

of certiorari to the common pleas court at the above number and term, on April 17, 1956. The affidavit for the writ was taken before Violet D. Englert, a notary public.

Mr. Miller alleged that the writ was being sought not for the purpose of delay but because, to the best of his knowledge, the aldermanic proceedings were unjust and illegal.

Mr. Miller's arguments to support his allegations of illegality and injustice are that, where a summons is made returnable later than eight days after its date (here it was nine days), the summons is invalid; and, where the judgment is rendered in such a manner as to be confusing and uncertain, it is void. The uncertainty and confusion in this case, he asserts, arise from the fact that the alderman, while entering judgment for two plaintiffs, did not indicate the extent of the injury done to each.

Defendant in error contends that the writ of certiorari issued to plaintiff in error is improperly before the court. Defendant in error maintains that, since the affidavit was made before a notary public instead of before one of the three officials authorized by law to take an affidavit for a writ of certiorari, the writ must be quashed. This court is of the opinion that this position is correct.

Only three officials may take the affidavit for a writ of certiorari. By the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 21, 42 PS §951, a judge of the common pleas court is empowered to take the affidavit. The Act of February 3, 1817, P. L. 31, 6 Sm. L. 398, sec. 1, 42 PS §952, permits the prothonotary also to take the affidavit. The justice of the peace before whom the case was heard is permitted to take the affidavit by the Act of May 22, 1895, P. L. 100, sec. 1, 42 PS §953. No other officer is permitted to take the affidavit.

While the question raised by defendant in error is a

technical one, our courts have consistently adhered strictly to the statutes and quashed writs issued on affidavits taken by any but these three officers.

In Miller v. Trumpore, 8 Luz. 459 (1897), a writ of certiorari was quashed for the same reason put forth in the case at bar, namely, that the affidavit was taken by a notary public. The court said in that case:

"We find no authority for issuing of the writ on an affidavit taken before the latter officer (Notary Public). The motion to quash the writ of *certiorari* is allowed."

Again, in Blitha v. Shipowski, 3 Justices' L. Rep. 81 (1904), the court stated the rule to be that, where an affidavit for a writ of certiorari is taken before a notary public, there being no authority for a notary to take the affidavit, the writ must be quashed. See also Ristau v. Crew Levick Co., 17 D. & C. 151 (1931).

In Wesley v. Sharpe, 19 Pa. Superior Ct. 600 (1902), the court stated:

"The trend of the legislation referred to indicates that the court from which the certiorari issues, or its officer, and the court to which it goes, are to alone possess the authority to take the affidavit and the recognizance required. . . . Nowhere in the legislation is there evidence of intention to extend the right to take the recognizance and affidavit to any other judicial officer."

In this case, too, the writ was quashed.

In New York Central R. R. v. Bright Coal Co., 70 Pitts. L. J. 74 (1921), the court, in quashing a writ of certiorari, repeated the rule, saying:

"A notary public has no authority to take such an affidavit, nor can a writ of certiorari issue on an affidavit so taken."

Our own court, a few years later, had the same problem before it in Boden v. Borough of Edgewood, 78 Pitts. L. J. 612 (1929):

"Even if the record (of the magistrate) were insufficient, we would have to sustain the judgment, because the petition for the allowance of a certiorari is sworn to before a notary public, for which there is no authority. . . ."

In 1952, in the case of Browell v. Capital Engineering Corp., 83 D. & C. 64, the court stated that:

"The authorities seem to be unanimous in holding that the affidavit to a certiorari can be taken only before the judge or the prothonotary of the court out of which the writ is issued or before the justice of the peace to whom it is issued, and that an affidavit taken before another officer is insufficient to support the writ."

Indeed, so strict are our courts on this matter that, if an affidavit be improperly taken, it cannot be corrected by filing an affidavit nunc pro tunc: Tiers v. Karpeles, 18 Dist. R. 593, an opinion by Judge Von Moschzisker; Lewis v. Tillett, 36 Del. Co. 11 (1948).

Because of the above stated reasons and authorities, this court is of the opinion that it is not permitted to go further into the record of this case. On the face of it, the affidavit for the writ of certiorari made by the attorney for plaintiff in error Miller and taken by Violet Englert, a notary public, is fatally defective and cannot sustain the writ.

The writ of certiorai issued to plaintiff in error is therefore quashed. The appeal of plaintiff in error being improperly before this court, the matters raised by plaintiff in error concerning the validity of the judgment will not be surveyed.

## Order

And now, to wit, November 9, 1956, after consideration given in the above case, the filing and study of briefs, the presentation of oral argument, it is ordered, adjudged and decreed that the motion to quash

the writ of certiorari issued to plaintiff in error be and hereby is sustained.

Eo die, exception noted to plaintiff in error and bill sealed.